United States District Court

Eastern District of Louisiana

MFLC Partners

v.                                          CIVIL ACTION NO. 2:00-cv-00379

Randall-Morgan                                                      J(1)


The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

   (1) A list of all parties still remaining in this action;

   (2) Copies of all pleadings, including answers, filed by those parties in state court; and

   (3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, February 10, 2000.

                                        By Direction of the Court

                                        LORETTA G. WHYTE, CLERK



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | § § § | CIVIL ACTION |
| Plaintiff | § § § | NO. **00-0379** |
| v. | § § | SECTION **SECT J MAG 1** |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC., | § § § | MAG. |
| Defendant. | § § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes the Federal National Mortgage Association ("Fannie Mae"), a congressionally chartered federal instrumentality of the United States, and pursuant to 28 U.S.C. §§ 1441 and 1446 hereby gives notice of the removal of this case to the United States District Court for the Eastern District of Louisiana; and in support thereof states as follows:

GAMD-NO:97355-1



1.   Fannie Mae is a defendant in counterclaim in the action styled <u>MFLC Partners, a Louisiana Partnership in Commendam v. Randall-Morgan, Inc.</u>, No. 99-14082, pending in the Civil District Court for the Parish of Orleans, State of Louisiana. Fannie Mae is a congressionally chartered federal instrumentality which was established to carry out vital public policies prescribed by statute including creating a secondary market for residential mortgage financing, stimulating the flow of private capital into housing, and improving the affordability of home ownership. <u>See</u> 12 U.S.C. § 1716.

2.   Fannie Mae first received a copy of the First Amended Reconventional Demand by telefax to undersigned counsel on January 25, 2000. Fannie Mae was brought into this action by this pleading. A copy of the First Amended Reconventional Demand is attached hereto as Exhibit A. Fannie Mae has waived formal citation and service of the First Amended Reconventional Demand pursuant to Louisiana Code of Civil Procedure article 1201. A copy of Fannie Mae's Waiver of Service is attached hereto as Exhibit B.

3.   MFLC Partners, a Louisiana Partnership in Commendam, Mirabeau Family Learning Center, Inc., a Louisiana corporation, and Michael R. Vales, a person of full age of majority domiciled in the Parish of Orleans, State of Louisiana, are Fannie Mae's co-

defendants in counterclaim. These parties also first received a copy of the First Amended Reconventional Demand by telefax to undersigned counsel on January 25, 2000. Fannie Mae's co-defendants in counterclaim have also waived formal citation and service of the First Amended Reconventional Demand. See Exhibits A and B.

4. All of Fannie Mae's co-defendants in counterclaim join in and consent to this Notice of Removal.

5. Federal subject matter jurisdiction exists in this action by virtue of 12 U.S.C. § 1723a(a), a provision of the Fannie Mae charter that grants Fannie Mae authority "to sue and be sued . . .in any court of competent jurisdiction, State or Federal." See American National Red Cross v. S.G. & A.E., 505 U.S. 247, 255-58, 112 S.Ct. 2465, 2471-72, 120 L.Ed.2d 201 (1992) (holding that "sue and be sued" provision in charter of federally chartered corporation that specifically mentions federal courts authorizes corporation to remove from state to federal court any action it is defending). This Court has supplemental jurisdiction by virtue of 28 U.S.C. § 1367 over related state law claims in this case. Therefore, the case may be removed to this Court pursuant to 28 U.S.C. § 1441.

6. The "well pleaded complaint" rule does not apply to jurisdiction based on a separate and independent jurisdictional grant pursuant to a "sue and be sued" provision. <u>American National Red Cross v. S.G. & A.E.</u>, 505 U.S. 247, 258, 112 S.Ct. 2465, 2472, 120 L.Ed.2d 201 (1992).

7. Fannie Mae was not an original plaintiff to the action and so is a proper party to remove the case as a defendant in counterclaim. <u>State of Texas Board of Regents v. Walker</u>, 142 F.3d 813, 816 (5th Cir. 1998). The counterclaim against Fannie Mae states a separate and independent claim which if sued upon alone could have been brought properly in federal court, and it thus may support removal. <u>Carl Heck Engineers v. Lafourche Parish Police</u>, 622 F.2d 133, 135-36 (5th Cir. 1980).

8. Fannie Mae desires to remove this action to this Court and submits this Notice of Removal and attachments in accordance with 28 U.S.C. § 1446.

9. This Notice of Removal is being filed within thirty days after receipt by Fannie Mae, by service or otherwise, of a copy of the amended pleading from which it may first be ascertained that the case is one which is or has become removable and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

10. Written notice of the filing of this Notice of Removal and of the removal of the above referenced action is being delivered to all parties through their counsel of record. A copy of this Novice of Removal will be filed promptly with the Clerk of Court of Civil District Court for the Parish of Orleans, State of Louisiana as provided by 28 U.S.C. § 1446(d).

11. Copies of all process, pleadings, and orders served on Fannie Mae in the above-entitled action are attached hereto as Exhibit "A."

WHEREFORE, Defendant in counterclaim Fannie Mae prays that the above described state court action now pending in Civil District Court for the Parish of Orleans, State of Louisiana, be removed to this Court and that this Court enter any necessary orders or process in order that this suit may proceed as if it had originally commenced in this Court.

Respectfully submitted,

A. GREGORY GRIMSAL (#6332)
MARCY V. MASSENGALE (#22512)
GORDON, ARATA, McCOLLAM,
 DUPLANTIS & EAGAN, L.L.P.
201 St. Charles Ave., 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111

By: _____
    A. Gregory Grimsal
    Bar Roll No. 6332

Attorneys for Defendant in Counterclaim Federal National Mortgage Association

C E R T I F I C A T E

I hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record by placing signed copies thereof in the United States mail, postage prepaid, on this 7th day of February, 2000.

_____
A. Gregory Grimsal