FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 13  PM 4:40

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM** | **CIVIL ACTION NO. 00-0379** |
| **versus** | **SECTION "J"** |
| **RANDALL-MORGAN CONSTRUCTION COMPANY, INC.** | **MAG. "1"** |

---

## MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff MFLC Partners, a Louisiana Partnership in Commendam ("MFLC"), who moves the Court for an order granting leave to file its Second Amended Complaint, for the reasons set forth in the accompanying memorandum in support hereof. Opposing counsel has been contacted and has declined to consent to this amendment of the pleadings. Accordingly, plaintiff has noticed this motion for hearing pursuant to Local Rule 7.6E.

GAMD-NO:113978-1



Respectfully submitted,

GORDON, ARATA, McCOLLAM,
    DUPLANTIS & EAGAN, L.L.P.
201 St. Charles Ave., 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111

By: _____
    A. Gregory Grimsal (6332)
    Marcy V. Massengale (22512)

Attorneys for MFLC Partners,
a Louisiana partnership in commendam


## C E R T I F I C A T E

I hereby certify that I have served a copy of the above
and foregoing pleading on all counsel of record by telefax and
by placing signed copies thereof in the United States mail, postage
prepaid, on this 13th day of February, 2001.

_____
    A. Gregory Grimsal

GAMD-NO 113978-1                        -2-

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | CIVIL ACTION NO. 00-0379 |
| versus | SECTION "J" |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | MAG. "1" |

---

### MFLC'S MEMORANDUM IN SUPPORT OF MOTION
### FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff MFLC Partners, a Louisiana partnership in commendam ("MFLC"), and pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 7.6 moves the court for an order granting MFLC leave to file a second amended complaint, a copy of which is attached hereto. Counsel for defendant Randall Morgan has declined to consent to this motion.

GAMD-NO 113981-1

In support of this motion, MFLC respectfully represents
that the deadline for filing amended pleadings in this case was
December 4, 2000. <u>See</u> Rec. Doc. no. 21 (Minute Entry, November 2,
2000). However, on December 7, 2000, in connection with the
preparation of a position letter for a settlement conference before
Magistrate Judge Shushan, plaintiff discovered that it has grounds
to assert an additional cause of action against defendant Randall-
Morgan Construction Company, Inc.

### Background of Claim

MFLC is the owner of the Filmore Parc Apartments, which
is located in Orleans Parish. This property consists of 164 units
of affordable housing for low income persons and of a learning
center to provide job training, enrichment and summer programs for
residents and their children. On November 13, 1997, MFLC and
defendant Randall-Morgan Construction Company, Inc. ("Randall
Morgan") executed an Agreement pursuant to which Randall Morgan
became the contractor for renovation and construction work on the
property.

Specifically, the Agreement provides in Article 2 (C):

If the work is not brought to final completion
in accordance with the Drawings and
Specifications, including any authorized
changes, by the date specified above, or by
such date to which the contract time may be

extended, the maximum sum stated in Article
3A(1) below shall be reduced by $617.15, as
liquidated damages, for each day of delay
until the date of final completion. When the
Owner cost certifies to HUD, the actual cost
of interest, taxes, insurance, mortgage,
insurance premiums, and construction and
permanent loan extension fees, as approved by
the Commissioner, for the period from the
scheduled date of completion through the date
construction was actually completed, shall be
determined. The lesser of the liquidated or
actual damages shall be applied. The
applicable amount shall be reduced by the
project's net operating income (as determined
by the Commissioner) for the damage period.

The Agreement has been made a part of the record herein as Exhibit

B to plaintiff's First Amended Complaint, Rec. Doc. no. 15.

Under Article 2(A) of the Agreement, any request for

extension of the completion deadline must be approved by the

Federal Housing Commissioner for the U.S. Department of Housing and

Urban Development.

The project was completed on November 9, 2000 (Randall

Morgan having withdrawn as contractor on February 12, 1999). On

December 7, 2000, in connection with the preparation of a position

paper for a settlement conference before this Court, plaintiff

discovered that Randall-Morgan had never requested or obtained any

extension of its completion deadline from the Federal Housing

Commissioner.  Accordingly, a factual predicate and legal basis

exists for a claim for liquidated damages under the Agreement.

### Standards for Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure

provides that once the action has been placed on the trial

calendar, "a party may [only] amend ... by leave of court or by

written consent of the adverse party; and leave shall be freely

given when justice so requires."  See Fed. R. Civ. P. 15(a).  The

Fifth Circuit has consistently and emphatically held that Rule

15(a) embodies a liberal policy favoring amendment. "Rule 15(a)

evinces a bias in favor of granting leave to amend" and thus "the

district court should err on the side of allowing" leave.

Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157,

1163 (5th Cir. 1982), cert. denied, 464 U.S. 814 (1983).

Indeed, in Dussouy v. Gulf Coast Investment Corp., 660

F.2d 594 (5th Cir. 1981), Judge Wisdom observed:

> In our review of the trial court's exercise of
> discretion, rule 15(a), of course, provides
> the starting point.  "Discretion" may be a
> misleading term, for rule 15(a) severely
> restricts the judge's freedom, directing that
> leave to amend "shall be freely given when
> justice so requires."  It evinces a bias in
> favor of granting leave to amend.  The policy
> of the federal rules is to permit liberal
> amendment to facilitate determination of
> claims on the merits and to prevent litigation

from becoming a technical exercise in the fine
points of pleading.  Thus, unless there is a
substantial reason to deny leave to amend, the
discretion of the district court is not broad
enough to permit denial.

The types of reasons that might justify denial
of permission to amend a pleading include
undue delay, bad faith or dilatory motive on
the part of the opposing party.  A court may
weigh in the movant's favor any prejudice that
will arise from denial of leave to amend.
That consideration arises only if there are
substantial reasons to deny the amendment.
Otherwise, rule 15(a) requires the trial judge
to grant leave to amend whether or not the
movant shows prejudice.  Finally, it is
appropriate to consider judicial economy and
the most expeditious way to dispose of the
merits of the litigation.

Id., 660 F.2d at 597-98(citations omitted), quoted in Bayou Steel

v. Danieli Corp., 2001 WL 25662 (E.D.La.)(Shushan, M.J.); see also

Henderson v. United States Fidelity & Guaranty Co., 620 F.2d 530

(5th Cir. 1980).

Delay alone is not a sufficient reason for denying leave.

Doussouy, 660 F.2d at 598 (citing Wright, Miller & Kane Federal

Practice and Procedure § 1488).  Rather, "it is only undue delay

that forecloses amendment.  Amendment can be appropriate as late as

trial or even after trial."  Id.  The liberal policy of the federal

rules favoring amendment facilitates adjudication on the merits

while avoiding excessive formalism.  Foman v. Davis, 371 U.S.

178,182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222, 225-26 (1962); <u>Conley v. Gibson</u>, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed. 2d 80, 86 (1957).

Additionally, the court may consider whether the amendment will cause undue prejudice, repeated failure to cure deficiencies, and futility of the amendment. <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993); <u>Jamieson v. Shaw</u>, 772 F.2d 1205, 1208 (5th Cir. 1985)(citing <u>Union Planters National Leasing, Inc. v. Woods</u>, 687 F.2d 117, 121 (5th Cir. 1982). <u>Ross v. Houston Independent School District</u>, 699 F.2d 218 (5th Cir. 1983).

In determining whether the party opposing the motion will be prejudiced, courts consider whether the assertion of the claim would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." <u>Monahan v. New York City Dept. of Corrections</u>, 214 F.3d 275 (2nd Cir. 2000); <u>see also</u> <u>Ross v. Houston Independent School District</u>, 699 F.2d 218 (5th Cir. 1983)(Amendment would cause undue prejudice where it presented complex issues, would require more discovery, hearings, and appeals, added twenty-six new parties and school districts, and would delay trial several more years).

If the opponent presents substantial reasons for denying amendment, the court may consider prejudice to the movant in deciding whether to permit amendment. <u>Bayou Steel</u>, 2001 WL 25662 (citing <u>Dussouy</u>, 660 F.2d at 597-98). Finally, the court may also consider judicial economy and the expeditious disposition of the merits. <u>Id</u>.

## Analysis

The amendment of the complaint in this case is not sought in bad faith. Nor would the amendment be futile. "If the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." <u>Barrett v. R.J. Reynolds Tobacco Co.</u>, 1999 WL 893571 (E.D.La.)(Sear, J.); <u>see also Foman,</u> 371 U.S. at 181, 83 S.Ct. at 230, 9 L.Ed. 2d at 225("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities"). Under the plain language of the contract at issue, and in light of Randall-Morgan's failure to obtain an extension of the project completion date, MFLC is clearly entitled to assert a claim for liquidated damages. Therefore, the amendment is neither futile nor sought in bad faith.

Likewise, MFLC is not motivated by a desire to delay this matter. At the November 2, 2000 preliminary pre-trial conference in this case, all counsel agreed that the matter should be placed on a "fast-track" because the case neither involves complex issues nor requires extensive discovery. Furthermore, counsel for MFLC only became aware of the facts giving rise to the liquidated damages claim on December 7, 2000. Immediately upon discovery of the additional claim, undersigned counsel alerted both opposing counsel and the court at the December 8, 2000 settlement conference.

Nor will the addition of the liquidated damages claim cause undue delay or prejudice. The parties have not yet begun formal discovery; thus, neither party will be forced to retrace steps already taken. See Bamm, Inc. v. GAF, Corp., 651 F.2d 389, 391 (5th Cir. 1981)(No prejudice to defendant where discovery had not been completed when motion to amend was filed); see also Curtis v. City of New Orleans, 1999 WL 151662 (E.D.La.)(Africk, M.J.)(finding no undue prejudice where "discovery, if any has been done, is in the preliminary stages"). Moreover, the claim for liquidated damages arises out of the same contract which has been at issue since the inception of this litigation. Thus, the addition of the claim will not hinder either party in its efforts

to prepare for trial.  <u>See</u> <u>Roper v. Exxon Corp.</u>, 1998 WL 341838 (E.D.La.)(Wilkinson, M.J.)(noting that the amendment arose from "the same basic facts on which this case has been based since its inception"); <u>c.f.</u> <u>Bayou Steel</u>, 2001 WL 25662 (Even though amendment arose out of a different contract altogether, the court granted leave to file). Indeed, the contractual character of the liquidated damages claim may mean little discovery is required for it.

Finally, the claim for liquidated damages in this case is significant, and MFLC would certainly be prejudiced were the claim to be unasserted.

Accordingly, MFLC respectfully requests that this court enter an order granting leave to file the attached Second Amended Complaint.

Respectfully submitted,

GORDON, ARATA, McCOLLAM,
 DUPLANTIS & EAGAN, L.L.P.
201 St. Charles Ave.  40th Floor
New Orleans, Louisiana  70170-4000
Telephone:  (504) 582-1111

By: _____
 A. Gregory Grimsal (6332)
 Marcy V. Massengale (22512)

Attorneys for MFLC Partners,
a Louisiana partnership in commendam

C E R T I F I C A T E

I hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record by telefax and by placing signed copies thereof in the United States mail, postage prepaid, on this 13th day of February, 2001.

_____
A. Gregory Grimsal

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MFLC PARTNERS, A LOUISIANA                          C I V I L
                                           ACTION
PARTNERSHIP IN COMMENDAM                    NO. 00-0379

VERSUS

                                           SECTION "J"

RANDALL-MORGAN CONSTRUCTION                 MAG. "1"
COMPANY, INC.

### CERTIFICATE OF CONFERENCE

NOW  INTO  COURT,  through  undersigned  counsel,  comes
plaintiff, MFLC Partners, who, in accordance with Local Rule 7.6E
hereby certifies that, on Monday, February 5, 2001, undersigned
counsel conferred with counsel for defendant by telephone. Counsel
for  defendant  advised  that  defendant  will  not  consent  to  the
requested amendment.

GAMD-NO 114402-1

Respectfully submitted,

GORDON, ARATA, McCOLLAM
 & DUPLANTIS, L.L.P.
201 St. Charles Avenue
Suite 4000
New Orleans, Louisiana  70170-4000
Telephone: (504) 582-1111

By: _____
A. GREGORY GRIMSAL (#6332)

Attorney     for     Mirabeau     Family
Learning    Center,    Inc.,    Federal
National      Mortgage      Association,
Michael R. Vales and MFLC Partners,
A Louisiana Partnership in Commendam


C E R T I F I C A T E

     I hereby certify that I have served a copy of the above

and foregoing pleading on all counsel of record by telefax and by

placing signed copies thereof in the United States mail, postage

prepaid, on this 13th day of February, 2001.


_____
A. Gregory Grimsal

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MFLC PARTNERS, A LOUISIANA                          CIVIL ACTION
PARTNERSHIP IN COMMENDAM                            NO. 00-0379

VERSUS
                                                    SECTION "J"

RANDALL-MORGAN CONSTRUCTION                         MAG. "1"
COMPANY, INC.


NOTICE OF HEARING

        PLEASE TAKE NOTICE that plaintiff, MFLC Partners, will

bring the attached Motion for Leave to File Second Amended

Complaint for hearing before Magistrate Judge Sally Shushan in the

United States District Court, Eastern District of Louisiana on

Wednesday, February 28, 2001 at 9:00 a.m., or as soon thereafter as

counsel can be heard.  Pursuant to Local Rule 78.1, oral argument

will not be heard unless ordered by the Court.


GAMD-NO.114398-1

Respectfully submitted,

GORDON, ARATA, McCOLLAM
 & DUPLANTIS, L.L.P.
201 St. Charles Avenue
Suite 4000
New Orleans, Louisiana   70170-4000
Telephone:   (504) 582-1111

By: _____
    A. GREGORY GRIMSAL (#6332)

Attorney    for    Mirabeau    Family
Learning    Center,    Inc.,    Federal
National    Mortgage    Association,
Michael R. Vales and MFLC Partners,
A Louisiana Partnership in Commendam

## C E R T I F I C A T E

I hereby certify that I have served a copy of the above
and foregoing pleading on all counsel of record by telefax and by
placing signed copies thereof in the United States mail, postage
prepaid, on this 13th day of February, 2001.

_____
A. Gregory Grimsal

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MFLC PARTNERS, A LOUISIANA | CIVIL ACTION |
| PARTNERSHIP IN COMMENDAM | NO. 00-0379 |
| VERSUS | |
| | SECTION "J" |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | MAG. "1" |

SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes MFLC Partners, a Louisiana partnership in commendam ("MFLC"), who supplements its Complaint and First Amended Complaint with the addition of the following paragraphs:

3A.

Article 2 of the Agreement states that the project shall be completed by May 13, 1998, unless the time is extended "in accordance with the terms of the AIA General Conditions only with the prior written approval of the [Federal Housing]

GAMD-NO.114404-1

Commissioner."

3B.

Article 2 of the Agreement further provides:

If the work is not brought to final
completion in accordance with the Drawings
and Specifications, including any authorized
changes, by the date specified above, or by
such date to which the contract time may be
extended, the maximum sum stated in Article
3A(1) below shall be reduced by $617.15, as
liquidated damages, for each day of delay
until the date of final completion.  When the
Owner cost certifies to HUD, the actual cost
of interest, taxes, insurance, mortgage,
insurance premiums, and construction and
permanent loan extension fees, as approved by
the Commissioner, for the period from the
scheduled date of completion through the date
construction was actually completed, shall be
determined.  The lesser of the liquidated or
actual damages shall be applied.  The
applicable amount shall be reduced by the
project's net operating income (as determined
by the Commissioner) for the damage period.

3C.

The Agreement between MFLC and Randall-Morgan was
terminated on August 24, 1999.

3D.

Randall-Morgan did not complete the project.  Nor did
Randall-Morgan seek or obtain the written approval of the Federal
Housing Commissioner for an extension of time within which to
complete the project.

3E.

The project was completed on November 9, 2000.

25.

Because of Randall-Morgan's failure to complete the project in a timely manner or to obtain extensions from the Federal Housing Commissioner, MFLC is entitled to liquidated or actual damages as provided in Article 2(c) of the Agreement.

And by adding to the prayer the following:

Therefore, MFLC prays that, after due proceedings had, there be judgment in its favor and against Randall-Morgan as follows:

> v.   For liquidated damages in the amount of $617.15 per day from May 13, 1998 until November 9, 2000 or actual damages consisting of the actual cost of interest, taxes, insurance, mortgage insurance premiums, and construction and permanent loan extension fees, approved by the Commissioner, for the period from the scheduled date of completion through the date construction was actually completed in an amount to be determined at trial, whichever is less, pursuant to Article 2(c) of the Agreement.

Respectfully submitted,

A. GREGORY GRIMSAL (#6332)
MARCY V. MASSENGALE (#22512)
GORDON, ARATA, McCOLLAM
 & DUPLANTIS, L.L.P.
201 St. Charles Avenue
Suite 4000
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111

By: _____
   A. GREGORY GRIMSAL (#6332)

Attorneys for Mirabeau Family
Learning Center, Inc., Federal
National Mortgage Association,
Michael R. Vales and MFLC Partners,
A Louisiana Partnership in
Commendam


C E R T I F I C A T E

    I hereby certify that I have served a copy of the above

and foregoing pleading on all counsel of record by telefax and by

placing signed copies thereof in the United States mail, postage

prepaid, on this _____ day of February, 2001.

_____
   A. Gregory Grimsal