FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 22 PM 2: 23

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM** | * * * | **CIVIL ACTION** |
| Plaintiff | * | **NO. 00-0379** |
| **VERSUS** | * * | **SECTION "J"** |
| **RANDALL-MORGAN CONSTRUCTION COMPANY, INC.** | * * | **MAGISTRATE 1** |
| Defendant | * * | |

FILED:_____          _____
                                                                      DEPUTY CLERK

## OPPOSITION TO MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes defendant Randall-Morgan Construction Company, Inc., (Randall-Morgan), who opposes the Motion for Leave to File Second Amended Complaint filed on behalf of MFLC Partners, a Louisiana Partnership in Commendam ("MFLC"), for the reasons set forth in the accompanying memorandum in support hereof.

1

Respectfully submitted,

**HALPERN, DANNER, MARTIN & MILES, L.L.C.**

_____
David J. Halpern          Bar No. 6452
Maryann G. Hoskins        Bar No. 20869
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705
Facsimile: (504) 831-2609

ATTORNEYS FOR DEFENDANT
RANDALL-MORGAN CONSTRUCTION CO., INC

### Certificate of Service

I do hereby certify that a copy of the foregoing pleading has been served upon all parties through their counsel of record by placing same in the United States mail, postage prepaid and properly addressed, on February 22, 2001.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MFLC PARTNERS, A LOUISIANA** | * | **CIVIL ACTION** |
| **PARTNERSHIP IN COMMENDAM** | * | |
| | * | |
| **Plaintiff** | * | **NO. 00-0379** |
| **VERSUS** | * | |
| | * | **SECTION "J"** |
| **RANDALL-MORGAN CONSTRUCTION** | * | |
| **COMPANY, INC.** | * | **MAGISTRATE 1** |
| | * | |
| **Defendant** | * | |

FILED:_____     _____
                                  DEPUTY CLERK

### MEMORANDUM IN OPPOSITION TO MFLC'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant, Randall-Morgan Construction Company, Inc. ("Randall-Morgan"), respectfully submits this Memorandum in Opposition to the Motion for Leave to File the Second Amended Complaint filed by MFLC Partners, a Louisiana Partnership in Commendam ("MFLC") for the following reasons to wit:

I.  **BACKGROUND.**

On November 13, 1997, Randall-Morgan executed a contract ("the Contract") with MFLC for the construction and renovation of the Fillmore Parc Apartments (the "Project") in the Mirabeau Gardens Subdivision of New Orleans. The United States Department of Housing and Urban

1

Development ("HUD") approved the Project, and insured the loan from the lender, Highland Mortgage Company. The Contract between Randall-Morgan and MFLC was executed on a HUD form, specifically form HUD-92442-(A)(3/94). The Project was also funded through other sources including Fannie Mae. The Contract originally set the payment Randall-Morgan was to receive as compensation for the work performed at $1,165,374.00.

Construction began soon after the signing of the Contract. During construction, Randall-Morgan encountered numerous unforeseen problems with the work to be performed, resulting in increased costs. For example, the original structure of the Filmore Parc Apartments contained extensive termite damage that no one had predicted. There were numerous other problems discovered during construction that also increased the cost of the Project, as will be shown at the trial of this matter through the testimony of Kenneth M. Prieur, President of Randall-Morgan. Many of the increased costs resulted from changes in the scope of the work directed by MFLC itself.

Randall-Morgan obtained one written change order from HUD totaling $98,200.00 to cover some of the expanding scope of the Project. However, the need for change orders was so frequent that obtaining written change orders was impractical and would impede the progress of the Project. Moreover, MFLC instructed Randall-Morgan not to request written change orders to keep MFLC's costs down for the Project architects who had to approve written change order requests. Furthermore, MFLC, on its own, directed subcontractors to perform work on the Project, increasing the costs. MFLC then directed Randall-Morgan to pay the subcontractors for the work those subcontractors performed pursuant to agreements with MFLC.

Although the Contract stated that the amount to be paid Randall-Morgan was $1,165,374.00,

the actual costs of the construction exceeded that amount. The amount of costs incurred by Randall-Morgan for the Project totaled $1,497,369.44. Randall-Morgan's Certificate of Actual Cost was approved by independent accountants, The Schafer Group, Ltd., and was also accepted by HUD. In addition to the actual costs, Randall-Morgan is also owed builder's overhead of $29,946.78, representing 2% of the total costs incurred, and builder's profit of $91,637.13, representing 6% of the total costs plus the 2% for overhead. Thus, the total payment Randall-Morgan is owed for the Project equals $1,618,922.67, of which $440,788.93 remains due and owing.

During the construction of the Project, Randall-Morgan was required to make written application for payment pursuant to HUD guidelines. Randall-Morgan received payments from MFLC through HUD and Fannie Mae totaling $1,178,133.74. As to Randall-Morgan's applications for payment in September and in November 1998, MFLC requested that Randall-Morgan execute lien waivers prior to receiving the payments requested in the applications. These lien waivers did not cover any future work that became due and owing after the applications for payment, but merely covered the claim stated in the waivers. As to the application for payment on November 24, 1998, however, MFLC did <u>not</u> submit the full amount due Randall-Morgan of $223,144.00, and instead delivered a check totaling $193,500.00. Therefore, Randall-Morgan never received the full consideration for the lien waiver of November 24, 1998, making that lien waiver ineffective.

After Randall-Morgan completed its work under the Contract, and prior to the preparation of its final application for payment, Randall-Morgan furnished MFLC with the "Contractor's Certificate of Actual Cost," as the Contract required. As stated above, the certified actual costs for the Project totaled $1,497,368.44. The job overhead and profit are then calculated from this amount equaling

$29,946.78 and $91,637.13, respectively.

At the time the "Certificate of Actual Costs" was completed, Randall-Morgan had received $1,178,133.74, so that the amount due and owing under the Contract totaled $440,788.93. However, as will be shown at the hearing on this matter, when Randall-Morgan attempted to make application for the final payment, it encountered numerous roadblocks. Randall-Morgan made several attempts to resolve these difficulties with MFLC, HUD, and Fannie Mae. However, when it became apparent that MFLC and/or its financiers were refusing to make payment for the remainder due and owing, Randall-Morgan was forced to file a lien on July 15, 1999, for the remainder of $440,788.93.

In response, MFLC filed a writ of mandamus compelling the removal of Randall-Morgan's lien, together with damages and attorneys' fees incurred as a result of the wrongful lien filing. On October 15, 1999, the writ of mandamus was granted to MFLC. In response, on January 25, 2000, Randall-Morgan filed a Reconventional demand including as a defendant the Federal National Mortgage Association ("Fannie Mae"). The matter was then removed to this Court.

On or about July 5, 2000, MFLC filed a First Amended Complaint to include allegations of damages resulting from alleged defects in workmanship as to work performed by Randall-Morgan. At that time, Randall-Morgan had no opposition. Then, on December 4, 2000, Fannie Mae filed a second amended answer to first amended counterclaim to elaborate upon its affirmative defenses. Randall-Morgan did not oppose such amendment. Now, once again, defendants in reconvention seek to amend the complaint.

II.   **LAW AND ARGUMENT.**

MFLC seeks approval to file a Second Amended Complaint. However, pursuant to the Pre-

4

trial Order of this Court, all amended pleadings were to be filed prior to December 4, 2000. Plaintiff alleges that it only discovered the claim for liquidated damages in preparation of the settlement conference with the Magistrate held on December 8, 2000.

This action arose from a construction contract commenced in 1998. Disputes as to payments and damages arose in February of 1999. Litigation on the contract was instituted in the fall of 1999. Present counsel for MFLC has been involved in this dispute since the beginning. The failure of MFLC not to discover a claim for liquidated damages until after the deadline to file amended pleadings despite considerable time to do so should not prejudice Randall-Morgan. MFCL claims that Randall-Morgan is not prejudiced by the inclusion of yet another claim. However, such additional claim less than four months prior to trial and over two months after the deadline to file the same is inherently prejudicial to Randall-Morgan. If the amendment is permitted, Randall-Morgan must defend against such claim.

In ruling on a motion for leave to amend, court may consider whether granting leave to amend would impose undue prejudice on opposing party, and whether moving party failed to take advantage of earlier opportunities to amend. Quintanilla v. Texas Television Inc., 139 F.3d 494 (5th Cir. 1998). In ruling on motion to amend, district court may consider factors such as whether there has been undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party, and futility of amendment. Jacobsen v. Osborne, 133 F.3d 315 (5th Cir. 1998); Jamieson By and Through Jamieson v. Shaw, 772 F.2d 1205 (5th Cir. 1985). Court should not grant leave to amend or to add counterclaim where undue prejudice will result. Triad Elec. & Controls, Inc. v. Power Systems

5

Engineering, Inc., 117 F.3d 180 (5th Cir. 1997). Approval of motion to amend is not automatic, and denial of leave to amend may be required when allowing an amendment would cause undue prejudice to opposing party. Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd., 79 F.3d 480 (5th Cir. 1996).

For the reasons stated above, MFLC's Motion for Leave to file Second Amended Complaint should be denied.

Respectfully submitted,

**HALPERN, DANNER, MARTIN & MILES, L.L.C.**

| | |
|---|---|
| David J. Halpern | Bar No. 6452 |
| Maryann G. Hoskins | Bar No. 20869 |

3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705
Facsimile: (504) 831-2609

ATTORNEYS FOR DEFENDANT
RANDALL-MORGAN CONSTRUCTION CO., INC.

### Certificate of Service

I do hereby certify that a copy of the foregoing pleading has been served upon all parties through their counsel of record by placing same in the United States mail, postage prepaid and properly addressed, on February 22, 2001.