FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR -1 AM 8: 33

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
SHUSHAN, M.J.
FEBRUARY 28, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MLFC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | CIVIL ACTION |
| VERSUS | NO: 00-0379 |
| RANDALL-MORGAN CONSTRUCTION, INC. | SECTION: "J"(1) |

### HEARING ON MOTION

APPEARANCES:   Submitted on briefs

MOTION:   MOTION OF PLAINTIFF FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**GRANTED**

     Before the undersigned is the motion of the plaintiff, MFLC Partners, a Louisiana Partnership in Commendam ("MLFC"), for leave to file second amended complaint to allege a claim for liquidated damages. MFLC contends that it did not discover the claim for liquidated damages until it was preparing for a settlement conference on December 7, 2000, before the undersigned. The deadline for amended pleadings was December 4, 2000. Rec. doc. 21.

DATE OF ENTRY
MAR 1 2001



MFLC urges that the defendant, Randall-Morgan Construction Company, Inc. ("Randall Morgan") will not be prejudiced. The parties have not yet begun formal discovery, and the trial is not set until June 11, 2001. Rec. doc. 21. Randall Morgan argues that the motion is not timely and it is prejudicial to Randall Morgan because it will have to defend the claim with less than four months remaining for trial. Randall Morgan does not dispute that formal discovery has not yet begun.

In <u>Dussouy v. Gulf Cost Investment Corporation</u>, 660 F.2d 594 (5th Cir. 1981), Judge Wisdom said,

> In our review of the trial court's exercise of discretion, rule 15(a), of course, provides the starting point. "Discretion" may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend "shall be freely given when justice so requires". It evinces a bias in favor of granting leave to amend. The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.
>
> The types of reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party. A court may weigh in the movant's favor any prejudice that will arise from denial of leave to amend. That consideration arises only if there are substantial reasons to deny the amendment. Otherwise, rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice. Finally, it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation. (Citations omitted).

660 F.2d at 597-98. Randall Morgan has not demonstrated a substantial reason to deny leave to amend, so the discretion of the court must be exercised in favor of granting leave to amend. Even if formal discovery had commenced, sufficient time remains for the parties to prepare the case for

trial, including the claim for liquidated damages.

It is ORDERED that MLFC's motion for leave to file second amended complaint is GRANTED.

_____
SALLY SHUSHAN
United States Magistrate Judge

Q:\MOTIONS\2000 Motions\00-0379 MFLC Partners.wpd

3