FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR -1 PM 12: 23

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | CIVIL ACTION NO. 00-0379 |
| VERSUS | SECTION "J" |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | MAG. "1" |

### SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes MFLC Partners, a Louisiana partnership in commendam ("MFLC"), who supplements its Complaint and First Amended Complaint with the addition of the following paragraphs:

3A.

Article 2 of the Agreement states that the project shall be completed by May 13, 1998, unless the time is extended "in accordance with the terms of the AIA General Conditions only with the prior written approval of the [Federal Housing]

GAMD-NO-114404-1



Commissioner."

3B.

Article 2 of the Agreement further provides:

If the work is not brought to final completion in accordance with the Drawings and Specifications, including any authorized changes, by the date specified above, or by such date to which the contract time may be extended, the maximum sum stated in Article 3A(1) below shall be reduced by $617.15, as liquidated damages, for each day of delay until the date of final completion. When the Owner cost certifies to HUD, the actual cost of interest, taxes, insurance, mortgage, insurance premiums, and construction and permanent loan extension fees, as approved by the Commissioner, for the period from the scheduled date of completion through the date construction was actually completed, shall be determined. The lesser of the liquidated or actual damages shall be applied. The applicable amount shall be reduced by the project's net operating income (as determined by the Commissioner) for the damage period.

3C.

The Agreement between MFLC and Randall-Morgan was terminated on August 24, 1999.

3D.

Randall-Morgan did not complete the project. Nor did Randall-Morgan seek or obtain the written approval of the Federal Housing Commissioner for an extension of time within which to complete the project.

3E.

The project was completed on November 9, 2000.

25.

Because of Randall-Morgan's failure to complete the project in a timely manner or to obtain extensions from the Federal Housing Commissioner, MFLC is entitled to liquidated or actual damages as provided in Article 2(c) of the Agreement.

And by adding to the prayer the following:

Therefore, MFLC prays that, after due proceedings had, there be judgment in its favor and against Randall-Morgan as follows:

> v. For liquidated damages in the amount of $617.15 per day from May 13, 1998 until November 9, 2000 or actual damages consisting of the actual cost of interest, taxes, insurance, mortgage insurance premiums, and construction and permanent loan extension fees, approved by the Commissioner, for the period from the scheduled date of completion through the date construction was actually completed in an amount to be determined at trial, whichever is less, pursuant to Article 2(c) of the Agreement.

Respectfully submitted,

A. GREGORY GRIMSAL (#6332)
MARCY V. MASSENGALE (#22512)
GORDON, ARATA, McCOLLAM
 & DUPLANTIS, L.L.P.
201 St. Charles Avenue
Suite 4000
New Orleans, Louisiana 70170-4000
Telephone: (504) 982-1111.

By: _____
   A. GREGORY GRIMSAL (#6332)

Attorneys for Mirabeau Family
Learning Center, Inc., Federal
National Mortgage Association,
Michael R. Vales and MFLC Partners,
A Louisiana Partnership in
Commendam

## C E R T I F I C A T E

I hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record by telefax and by placing signed copies thereof in the United States mail, postage prepaid, on this 13th day of February, 2001.

_____
A. Gregory Grimsal