

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 13 1 P 4 37

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

MFLC PARTNERS, A LOUISIANA      CIVIL ACTION NO. 00-0379
PARTNERSHIP IN COMMENDAM

     SECTION "J"

Versus

     MAG. 1

RANDALL-MORGAN CONSTRUCTION
COMPANY, INC.

---

### MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, come:
Plaintiff and Counterdefendant MFLC Partners, a Louisiana
Partnership in Commendam, and Counterdefendants Mirabeau Family
Learning Center, Inc., a Louisiana corporation domiciled in the
Parish of Orleans, Michael Vales, a person of full age and majority
domiciled in the Parish of Orleans, and the Federal National
Mortgage Association, (together, "Movers") who, for the reasons
more fully set forth in the accompanying memorandum, and pursuant
to Fed. R. Civ. Pro. 56 and Local Rules 7 and 56, request that this
Court enter summary judgment in their favor and dismiss the

GAMD-NO-107541-3

counterclaims asserted by defendant Randall-Morgan Construction Company, Inc. due to the running of prescription.

WHEREFORE, for the foregoing reasons, and as more fully set forth in the accompanying memorandum, Movers pray that this Court grant their motion for summary judgment, and that there be judgment in favor of Movers dismissing the reconventional demand of Defendant Randall-Morgan Construction Company, Inc.

Respectfully submitted,

A. GREGORY GRIMSAL (#6332)
MARCY V. MASSENGALE (#22512)
JENNIFER K. CONRAD (#26241)
GORDON, ARATA, McCOLLAM
 & DUPLANTIS, L.L.P.
201 St. Charles Avenue
Suite 4000
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111

By: _____
    A. GREGORY GRIMSAL (#6332)

Attorneys for Mirabeau Family Learning Center, Inc., Federal National Mortgage Association, Michael R. Vales and MFLC Partners, A Louisiana Partnership in Commendam

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MFLC PARTNERS, A LOUISIANA             CIVIL ACTION NO. 00-0379
PARTNERSHIP IN COMMENDAM

                                       SECTION "J"

Versus

                                       MAG. 1

RANDALL-MORGAN CONSTRUCTION
COMPANY, INC.

─────────────────────────────────────────────────────────────────

STATEMENT OF MATERIAL FACTS NOT AT ISSUE

MFLC Partnership submits that no genuine issue of material fact exists as to the following:

1.   Plaintiff and Counterdefendant MFLC Partners ("MFLC") is a Louisiana Partnership in Commendam domiciled in the Parish of Orleans, State of Louisiana.

2.   Counterdefendant Mirabeau Family Learning Center, Inc. ("Mirabeau") is a Louisiana corporation domiciled in the Parish of Orleans, State of Louisiana. Mirabeau is the General Partner of MFLC.

3.   Counterdefendant Michael Vales is person of full age of majority domiciled in the Parish of Orleans, State of Louisiana. Mr. Vales is the Executive Director of Mirabeau, the General Partner of MFLC.

GAMD-NO:107541-3

At all pertinent times, he acted in his capacity as Executive Director of the General Partner.

4.   Counterdefendant Federal National Mortgage Association ("Fannie Mae") is a foreign corporation domiciled in Washington, D.C. Fannie Mae is the Limited Partner of MFLC.

5.   Defendant and Plaintiff in Reconvention Randall-Morgan Construction Company, Inc. is a Louisiana corporation domiciled in the Parish of Jefferson, State of Louisiana. Randall-Morgan is the Special Limited Partner of MFLC.

6.   MFLC is the owner of the Filmore Parc Apartments (the "Property") located in Orleans Parish.

7.   MFLC and Randall-Morgan executed an agreement (the "Agreement") dated November 13, 1997 with respect to the property. A copy of the Agreement is attached as Exhibit A.

8.   Article 1 of the Agreement contained a clause entitled "Scope of Contract" which reads in pertinent part:

> The Contract between the parties is set forth in the "Contract Documents," which consist of this Agreement, the Drawings and Specifications, which include the current edition of AIA Document A201, "General Conditions of the Contract for Construction," and Form HUD-2554, "Supplementary Conditions of the Contract for Construction." The provisions of this instrument and the said HUD Supplementary Conditions take precedence over all inconsistent provisions in the said AIA General Conditions. This contract constitutes the entire agreement between the parties, and any previously existing contract concerning the work contemplated by the Contract Documents is hereby revoked.

*See* Exhibit A, Article 1(A).

9.  Paragraph 4.3.3 of the General Conditions of the Contract for Construction, AIA Document A201 contains the following language:

> **Time Limits on Claims.** Claims by either party must be initiated within twenty-one (21) days after the occurrence of the event giving rise to such Claim, or within twenty-one (21) days after the claimant first recognizes the condition giving rise to the claim, whichever is later. Claims must be initiated by written notice.

A claim is defined as "a demand or assertion by one of the parties seeking as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract." *See* General Conditions of the Contract for Construction, AIA Document A201, para. 4.3.1, at 19. Claims must be referred to the Architect. Paragraph 4.3.2.

10. On September 1 and November 23, 1998, Randall-Morgan executed lien waivers in exchange for payment by MFLC for construction connected with the Agreement.

11. By letter dated, May 24, 1999, Randall-Morgan conceded that it received the amount of money called for by the Agreement, i.e. $1,178,133.74, but asserted that costs incurred amounted to $1,497,338.76 .

12. On July 15, 1999, Randall-Morgan filed with the Recorder of Mortgages an Affidavit of Lien and Privilege by Contractor (the "Lien Affidavit") claiming a privilege on the property in the amount of $440,788.93 due to the alleged failure of MFLC to pay for materials, labor and services furnished regarding the Property.

13.   At no time did Randall-Morgan submit its claim for moneys owed it to the Architect as contemplated by the Agreement. <u>See</u> Affidavit of Gerald W. Billes, Exhibit C.

14.   On October 15, 1999, MFLC obtained a writ of mandamus ordering the Recorder of Mortgages to lift the aforementioned lien from the public records.

15.   On November 13, 1999, Randall-Morgan filed a reconventional demand wherein it made as defendants-in-reconvention the following: MFLC Partnership, Mirabeau Family Learning Center, Inc., Michael Vales, and the Federal National Mortgage Association. In this petition, Randall-Morgan alleged that MFLC and the other defendants were indebted to it for $440, 788.93 for unpaid work relating to the Property and the Agreement.

Respectfully submitted,

A. GREGORY GRIMSAL (#6332)
MARCY V. MASSENGALE (#22512)
JENNIFER K. CONRAD (#26241)
GORDON, ARATA, McCOLLAM
 & DUPLANTIS, L.L.P.
201 St. Charles Avenue
Suite 4000
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111

By: _____
   A. GREGORY GRIMSAL (#6332)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MFLC PARTNERS, A LOUISIANA
PARTNERSHIP IN COMMENDAM

Versus

RANDALL-MORGAN CONSTRUCTION
COMPANY, INC.

CIVIL ACTION NO. 00-0379

SECTION "J"

MAG. 1

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

## I.  FACTUAL AND PROCEDURAL BACKGROUND

MFLC Partners, a Louisiana Partnership in Commendam
("MFLC") is the owner of the Filmore Parc Apartments in the
Mirabeau Gardens Subdivision located in New Orleans.  The members
of the partnership are as follows:  Mirabeau Family Learning
Center, Inc., ("Mirabeau"), a Louisiana nonprofit corporation, is
the General Partner; the Federal National Mortgage Association
("Fannie Mae") is the Limited Partner; and defendant Randall-Morgan
Construction Co., Inc. is the Special Limited Partner.

GAMD·NO·107541·3

On November 13, 1997, Randall-Morgan and MFLC executed an agreement (the "Agreement") contemplating construction of new apartments and renovations of existing ones. The Agreement is attached hereto as Exhibit A. After completion, Filmore Parc will consist of 164 units of affordable housing for low income families. Funding for the project comes from several sources, including the Federal and State governments, private foundations, and private donations.

Contained in the Agreement was a clause that incorporated by reference the General Conditions of the Contract for Construction, AIA Document A201 (1997 edition)("General Conditions").[1] A copy of the General Conditions, bearing the parties' initials on every page, is attached as Exhibit B.

The General Conditions contain a clause that requires all claims to be brought before the Architect within twenty-one (21) days of its occurrence or discovery, whichever is later:

---

[1]    *See* Exhibit A, Article 1(A): "The Contract between the parties is set forth in the 'Contract Documents,' which consist of this Agreement, the Drawings and Specifications, which include the current edition of AIA Document A201, 'General Conditions of the Contract for Construction,' and Form HUD-2554, 'Supplementary Conditions of the Contract for Construction.' The provisions of this instrument and the said HUD Supplementary Conditions take precedence over all inconsistent provisions in the said AIA General Conditions. This contract constitutes the entire agreement between the parties, and any previously existing contract concerning the work contemplated by the Contract Documents is hereby revoked." *Id.*

>       Claims by either party must be made within 21 days
>       after occurrence of the event giving rise to such
>       Claim or within 21 days after the claimant first
>       recognizes the condition giving rise to the Claim,
>       whichever is later.  Claims must be made by written
>       notice.  An additional Claim made after the initial
>       Claim has been implemented by Change Order will not
>       be considered unless submitted in a timely manner.[2]

A claim is defined as "a demand or assertion by one of the parties

seeking as a matter of right, adjustment or interpretation of

Contract terms, payment of money, extension of time or other relief

with respect to the terms of the Contract."[3]  Moreover, all claims

must be initially referred to the Architect.[4]

On September 1 and November 23, 1998, Randall-Morgan

executed lien waivers in exchange for payment under the terms of

the Agreement and released the Property from any and all liens or

claims growing out of the Agreement.  Additionally, Randall-Morgan

further certified that all labor and materials obtained in

connection with the Agreement were paid in full.  However, by

letter dated May 24, 1999, the defendant conceded that it had

received $1,178,133.74 in connection with the work on Filmore Parc

Apartments, but claimed that an additional $440,788.93 was due.

---

[2]    *See* Exhibit B, Paragraph 4.3.3 of the General Conditions of the Contract for Construction, AIA Document A201.

[3]    *Id*. at para. 4.3.1, pg. 19.

[4]    *Id*. at para. 4.3.2.

On July 15, 1999, the defendant recorded a Lien against the property in the disputed amount, although the Agreement expressly prohibited the filing of such liens.[5]  On August 18, 1999, MFLC, pursuant to LSA-R.S. 9:4833(A), sent a letter to the defendant asking that the Lien be lifted.  MFLC filed a Petition for Mandamus on September 3, 1999, resulting in an order to the Recorder of Mortgages to remove the Lien from the Public Records.

On November 13, 1999, defendant filed a reconventional demand in the state court proceeding, alleging monetary damages in the amount of $440,788.93.  Named as defendants-in-reconvention were: (1)  MFLC; (2) MFLC's general partner Mirabeau Family Learning Centers, Inc.; (3) Michael Vales, Mirabeau's executive director; and (4) MFLC's limited partner, the Federal National Mortgage Association ("Fannie Mae").  Fannie Mae removed the entire action to federal court.  These four counterdefendants (together, "Movers") submit that Randall-Morgan's claims must be dismissed as untimely.

## II.  <u>LAW AND ARGUMENT</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that if the pleadings, depositions, answers to

---

[5]    *See* Exhibit A, Article 7.

interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be rendered in the movant's favor. A review of the uncontroverted evidence in this matter demonstrates that summary judgment in favor of all Movers is appropriate.

### A.   The AIA General Conditions Were Effectively Incorporated by Reference into the Agreement

A contract does not have to be contained in only one document.[6] When more than one writing is used, it is necessary to determine whether the parties intended to have all of the documents construed together; this is a determination for the court.[7] Louisiana law allows the incorporation by reference of extraneous documents into contracts, but that reference must be clear and unambiguous.[8] In the case of the General Conditions of the Contract for Construction, AIA Document A201, courts have held that

---

[6]    See *Admiral Paint Company v. Glotzman*, 254 So. 2d 104, 105 (La. App. 3d Cir. 1971).

[7]    *Id.*

[8]    See *Action Finance Corporation v. Nichols*, 180 So.2d 81, 82 (La. App. 2d Cir. 1965); *Harper v. Home Indemnity Company*, 140 So.2d 653, 656 (La. App. 2d Cir. 1962).

incorporation of this document into a contract is valid as long as reference to it in the contract is clear and unambiguous.[9]

Additional support for this proposition is found in the case of *Webb v. Children's Oncology Service of La., Inc.*[10]  In that case, this Court held that the General Conditions were not incorporated into the contract because it was not referenced with specificity.[11]  The court implied that incorporation of the General Conditions into a construction contract is valid as long as the reference is unambiguous.[12]  In the present case, the Agreement clearly and unambiguously incorporates the AIA Document A201 by reference.[13]  Indeed, in this case, Mr. Ken Prieur, president of defendant Randall-Morgan, initialed every page of the General Conditions and particularly initialed paragraph 4.3.3., the Time Limits on Claims provision asserted in this motion.  A copy of this provision, bearing Mr. Prieur's initials, is attached as Exhibit B.

---

[9]    *See Fairway Builders, Inc. v. Malouf*, 603 P.2d 513, 522 (Ariz. App. 1979).

[10]    1989 WL 92461 (E.D. La. 1989).

[11]    *See id.* at *2.

[12]    *See id.*

[13]    "The Contract between the parties is set forth in the 'Contract Documents,' which consist of this Agreement, the Drawings and Specifications, which include the current edition of AIA Document A201, 'General Conditions of the Contract for Construction,' . . ."  *See* Exhibit A, art. I, para. A.

Thus, the provisions - all of the provisions - of the General Conditions are binding upon the parties to the Agreement.

### B.   The 21-day Prescriptive Period Is Enforceable under Louisiana Law

"There is no prescription other than that established by legislation."[14]  Thus, only prescription created pursuant to an act passed by the Louisiana Legislature would be a bar to a suit. Further, "[p]rescription runs against all persons unless an exception is established by law."[15]   When parties execute a contract, they may shorten the prescriptive period by mutual agreement, but they may not eliminate or lengthen that period.[16] "A clause in a contract between individuals, neither being under any legal obligation to serve the other, limiting the time within which suits may be commenced upon a cause of action growing out of such contract, is not contrary to law or public policy."[17]

---

[14]    LSA-C.C. art. 3457.  This provision implicitly excludes the availability of the common law doctrine of laches.

[15]    LSA-C.C. art. 3467.

[16]    *See* LSA-C.C. art. 3471:  "A juridical act purporting to exclude prescription, to specify a longer period than that established by law, or to make the requirements of prescription more onerous, is null." *See also E.L. Burns Co. v. Anthony Cashio*, 302 So. 2d 297 (La. 1974); *Nabors Oil & Gas Co. v. Louisiana Oil Refining Co.*, 91 So. 765 (La. 1922).

[17]    *Bordelon v. Louisiana Railway & Navigation Co.*, 12 Orleans App. 405, 405 (1915)

Although parties enjoy contractual freedom to shorten prescriptive periods, the contemplated period must be reasonable.[18] The reasonableness of the stipulation limiting the prescriptive period depends upon the circumstances of each case.[19] Even the United States Supreme Court has upheld a contractually shortened prescription time as valid, and has particularly found a 90-day contractual prescription provision to be reasonable.[20] Thus, "[a] plea of prescription is valid and will be maintained when the facts justify its application in support of [such a contractual] stipulation. . . ."[21]

In this case, the prescriptive period contained in the General Conditions of the Contract for Construction is twenty-one (21) days from the occurrence of the event giving rise to the claim or twenty-one (21) days from discovery of the claim, whichever is later.[22] This period is reasonable as applied to the Agreement for two reasons. First, Randall-Morgan was on-site at all times, so

---

[18]    See *Bonura & Co. v. Southern Pacific Co.*, 2 La. App. 4 (1925).

[19]    See *Cook v. Heinbaugh*, 210 N.W. 129 (Iowa 1926)

[20]    See *Missouri, K. & T.R. Co. v. Harriman Bros.*, 227 U.S. 657 33 S. Ct. 397, 57 L.Ed. 690 (1913).

[21]    *American Trading Co. v. United Fruit Co.*, 7 Pelt. 175, 177 (La. App. Orleans 1923).

[22]    See Exhibit B, Paragraph 4.3.3.

its employees would be able to immediately notice and investigate any irregularities with the project. Randall-Morgan could also better assess the monetary needs associated with any work performed. Second, the twenty-one day period is not absolute. The twenty-one day period begins at the time the event occurred OR when the event was discovered, whichever is later. Thus, there is no outer limit to when a claim may be filed, as long as it is within twenty-one days of discovery. The twenty-one day time frame allows for the quick and efficient resolution of any actual or potential problems so that the cost of the project does not unreasonably increase. Therefore, it is not unreasonable to expect the parties to the Agreement to bring their respective written claims to the Architect within twenty-one days.

Indeed, the only court ever called upon directly to construe the provision at issue applied it to bar claims asserted after the 21-day prescriptive period. The case of *County Commissioners of Caroline County, Maryland v. J. Roland Dashiel & Sons*[23] involved a contract claim very similar to the one at issue in the present litigation. The parties specifically agreed to incorporate the AIA General Conditions, Document A201 into its

---

[23]    747 A.2d 600 (Md. 2000).

overall contract.[24]    As the work continued, Dashiel informed Caroline County by letter that it was preparing to file a claim against the County.[25]  Dashiel eventually filed the claim some six months after the event occurred which gave rise to the claim.[26]  The Maryland Supreme Court upheld the trial court's ruling that since the claim was not filed in the format required within the time limits established by the contract, the claim was prescribed.[27] The Court specifically held: "As the Court of Special Appeals correctly noted, this claim was not timely pursuant to section 4.3.3. of the General Conditions of the Contract for Construction. . . ."[28]

### C.    All Counterdefendants May Interpose the Time Bar

Of course, the General Conditions bar Randall-Morgan's counterclaim against MFLC, as no claim was ever filed with the Architect, in a timely fashion or otherwise.  See Affidavit of Gerald Billes, attached hereto as Exhibit C.  Furthermore, the contractual prescriptive period bars Randall-Morgan's counterclaim

---

[24]    See id. at 603.

[25]    See id. at 604.

[26]    See id.

[27]    See id. at 605.

[28]    Id. at 604 n. 4.

not just against MFLC (which signed the Agreement with Randall-Morgan), but also against the other Counterdefendants.  In federal court, "the capacity of parties, other than individuals or corporations, to sue or be sued 'shall be determined by the law of the state in which the District Court is held.'"[29]  Since the District Court is in New Orleans, Louisiana law will apply here.

In Louisiana, a partnership is a juridical entity, and it is separate from the partners that compose it.[30]  A partnership is the primary obligor on a partnership debt; the partners are only secondarily liable.[31]  "Liability does not become enforceable against the individuals who compose the partnership . . . until it has been dissolved.  So long as it continues, they must be sued

---

[29]     *Fortenberry v. New Orleans Hilton Hotels Corporation*, 1993 WL 232052, at *1 (E.D. La.).

[30]     *See Beninate v. Bruno*, 497 So. 2d 1022, 1023 (La. App. 5th Cir. 1986).  This case held that a partner does not have to wait until the dissolution of the partnership before suing another partner for fraud or breach of fiduciary duty, overruling a long-held jurisprudential rule first enunciated in *Dromgoogle v. Gardner's Widow & Heirs*, 10 Mart. (O.S.) 433 (La. 1821).  The case said nothing about a partner being held individually liable on a partnership debt.

[31]     *See* La. Civ. Code art. 2817 & Comment (a).  *See also Liverpool, Brazil & River Platte Navigation Co. v. Agar, C. C.*, 14 F. 615, 615-16 (E.D. La. 1882) (". . . while the ultimate liability of the parties is in solido, that is, joint and several, they, during the life of the partnership, cannot be charged individually except through the partnership; that is, during the life of the partnership, a partner is, like a corporation in a corporation, liable and made to respond individually only through a judgment against the intellectual being of which he is a component part.").  *Id.*

through and with it."[32]  Louisiana law specifically holds that a partner cannot be sued on a partnership debt unless the partnership is also joined as a defendant.[33]  Thus, if the partnership cannot be joined with its individual partners in an action for payment of a partnership debt, the action must be dismissed.[34]

The fact that the claims asserted by Randall-Morgan all arise from a partnership debt is easily proven.  First, the Court is invited to observe that the Contract in question here was specifically between MFLC, A Partnership in Commendam, and Randall-Morgan.[35]  It should be further noted that while Michael Vales did sign the contract, he did so as the President of Mirabeau Family Learning Center, Inc., the general partner of MFLC.  At no time did Mr. Vales attempt to convey to Randall-Morgan that he would in any way be personally liable for the partnership debts.  Second, it should be noted that all of the defendants-in-reconvention are

---

[32]    *Beninate*, 497 So. 2d at 1023 (quoting *Key v. Box*, 14 La. Ann. 497 (La. 1859)).

[33]    *See* La. Code of Civ. Proc. art. 737 (West 2001).

[34]    *See Fortenberry*, 1993 WL 232052, at *1-2.  *See also Melancon v. Morrison-Knudsen Int'l. Co.*, 329 F. Supp. 981, 983 (W.D. La. 1971).

[35]    *See* Exhibit A.

being sued for roughly the same amount of money arising out of the same set of operative circumstances.[36]

To determine whether the debts arise out of the same set of operative circumstances, it will be helpful to apply the transactional test applied by the Fifth Circuit in resolving *res judicata* claims. Under this test, "the critical issue is not the relief requested or the theory asserted, but whether [the] plaintiff bases the two actions on the same nucleus of operative facts."[37] If the claims of Randall-Morgan against the defendants-in reconvention arise out of the same set of operative facts, , regardless of the theory of recovery, then it can be said that Randall-Morgan is attempting to sue the partners individually on a partnership debt.

As is well established in Louisiana, the partnership is the primary obligor of a partnership debt; the individual partners are only secondarily liable.[38] The individual partners of MFLC can only be sued secondarily, and then only for their virile share of

---

[36]    *See* Defendant's Reconventional Demand, ¶¶ 18-25, at pages 5-6.

[37]    *Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). *See also Agrilectric Power Partners, Ltd. v. General Electric Co.*, 20 F.3d 663, 665 (5th Cir. 1994); *Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1124-25 (5th Cir. 1987).

[38]    *See* La. Civ. Code art. 2817. *See also Koppers Co. v. Mackie Roofing and Sheet Metal Works*, 544 So. 2d 25, 26 (La. App. 4th Cir. 1989).

the partnership.[39]    Randall-Morgan did not assert secondary liability for their respective virile shares against the individual partners in its petition.    On the contrary, Randall-Morgan attempted to collect the entire amount from all of the partners. It is noteworthy that Randall-Morgan calls the amount due it "the indebtedness" in every claim asserted by it, thereby lending further credence to the idea that all of the defendants-in-reconvention are being sued for the same claim: a partnership debt. Thus, since Randall-Morgan is suing all of the defendants-in-reconvention individually for a partnership debt which is barred by prescription, all of the claims are likewise prescribed.

In this case, the claim against MFLC is barred by prescription as explained above.    Since the claim is time-barred, MFLC, the partnership, cannot be joined with the partners in this action.    Thus, since the partnership cannot be joined with the partners, Randall-Morgan's reconventional demand should also be dismissed.    Moreover, at all times pertinent to this litigation, Michael Vales acted in his capacity as Executive Director of Mirabeau, MFLC's General Partner.    Randall-Morgan, as a special partner of MFLC, can be presumed to know the capacities of the

---

[39]    *See* La. Civ. Code art. 2817.

contract's signatories.[40]  Thus, Randall-Morgan's claim is likewise time-barred as to Mr. Vales.

### CONCLUSION

Randall-Morgan voluntarily and knowingly signed an agreement with MFLC that incorporated by reference the terms of the General Conditions of the Contract for Construction.  The General Conditions contained a clause that required all claims to be filed with the Architect within twenty-one days of the occurrence or its discovery, whichever is later.  Since the incorporation is valid, and the General Conditions are not vague, the Court should render

---

[40]    See *Heyl v. Heyl*, 445 So. 2d 88, 91 (La. App. 2d Cir. 1984)(party is presumed to know the contents of the instrument he signs).  "Signatures to contracts are not mere ornaments.  If a party can read, it behooves him to examine an instrument before signing it."  *Snell v. Union Sawmill Co.*, 105 So. 728 (La. 1925).  Also, "unless directors or officers purport to bind themselves individually, they do not incur personal liability for the debts of the corporation."  *Riggins v. Dixie Shoring Company*, 590 So. 2d 1164 (La. 1991).

judgment in favor of Movers and against Randall-Morgan dismissing their reconventional demand as barred by prescription.

Respectfully submitted,

A. GREGORY GRIMSAL (#6332)
MARCY V. MASSENGALE (#22512)
JENNIFER K. CONRAD (#26241)
GORDON, ARATA, McCOLLAM
 & DUPLANTIS, L.L.P.
201 St. Charles Avenue
Suite 4000
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111

By: _____
    A. GREGORY GRIMSAL (#6332)

Attorneys for Mirabeau Family Learning Center, Inc., Federal National Mortgage Association, Michael R. Vales and MFLC Partners, A Louisiana Partnership in Commendam

GAMD-NO·107541·3                    -16-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MFLC PARTNERS, A LOUISIANA
PARTNERSHIP IN COMMENDAM

Versus

RANDALL-MORGAN CONSTRUCTION
COMPANY, INC.

CIVIL ACTION NO. 00-0379

SECTION "J"

MAG. 1

## NOTICE OF HEARING

PLEASE TAKE NOTICE that plaintiff and counterdefendant, MFLC Partnership, and counterdefendants Mirabeau Family Learning Center, Inc., Michael Vales, and the Federal National Mortgage Association will bring the attached Motion for Summary Judgment for hearing before the Honorable Carl Barbier, United States District Judge, 500 Camp St., New Orleans, Louisiana 70112 on March 28, 2001, at 9:30 a.m., or as soon thereafter as counsel can be heard.

GAMD-NO:107541-3

Respectfully submitted,

A. GREGORY GRIMSAL (#6332)
MARCY V. MASSENGALE (#22512)
JENNIFER K. CONRAD (#26241)
GORDON, ARATA, McCOLLAM
 & DUPLANTIS, L.L.P.
201 St. Charles Avenue
Suite 4000
New Orleans, Louisiana  70170-4000
Telephone  (504) 582-1111

By: _____
    A. GREGORY GRIMSAL (#6332)

Attorneys   for   Mirabeau   Family
Learning   Center,   Inc.,   Federal
National    Mortgage    Association,
Michael R. Vales and MFLC Partners,
A Louisiana Partnership in Commendam

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED