```
                                    FILED
                              U.S. DISTRICT COURT
                              EASTERN DISTRICT OF LA

                              2001 MAR 20  AM 11:53

                              LORETTA G. WHYTE
                                    CLERK
```

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| Versus | * * | SECTION "J" |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | * * | MAG. 1 |

### Answer to Second Amended Complaint and Affirmative Defenses

**NOW INTO COURT**, through undersigned counsel, comes Randall-Morgan Construction Company, Inc., a Louisiana corporation (hereinafter referred to as "Randall-Morgan"), who submits its answer to the Second Amended Complaint filed by MFLC Partners, a Louisiana Partnership in Commendam (hereinafter referred to as "MFLC"), and affirmative defenses, as follows:

1.

The allegations contained in Paragraph 3A of MFLC's Second Amended Complaint is denied except to admit that MFLC and Randall-Morgan executed the Agreement and that Randall-Morgan was the contractor. Randall-Morgan avers that the Agreement is a written document and is the best evidence of the contents therein.



2.

The allegations contained in Paragraph 3B of MFLC's Second Amended Complaint is denied except to admit that MFLC and Randall-Morgan executed the Agreement and that Randall-Morgan was the contractor. Randall-Morgan avers that the Agreement is a written document and is the best evidence of the contents therein.

3.

The allegations contained in Paragraph 3C of MFLC's Second Amended Complaint are denied, except to admit that MFLC filed suit in Civil District Court in a proceeding entitled *MFLC Partners, A Louisiana Partnership in Commendam v. Randall-Morgan Construction Company, Inc., et al.*

4.

The allegations of Paragraph 3D of MFLC's Second Amended Complaint are denied.

5.

The allegations of Paragraph 3E of MFLC's Second Amended Complaint are denied.

6.

The allegations of Paragraph 25 of MFLC's Second Amended Complaint are denied.

7.

AND NOW, in further answer to plaintiff's complaints, defendant, Randall-Morgan, advances the following affirmative defenses:

Defendant Randall-Morgan pleads the affirmative defense of estoppel.

8.

Defendant Randall-Morgan pleads the affirmative defense of waiver

9.

Defendant Randall-Morgan pleads the affirmative defense of failure of consideration.

10.

Defendant Randall-Morgan avers that plaintiff contributed to or brought about whatever harm they may have suffered.

11.

Defendant Randall-Morgan was in good faith in disputing the amount demanded by plaintiff.

12.

Defendant reavers and reiterates all previous answers filed herein in response to plaintiffs' original complaint and first amended complaint as if incorporated herein.

**WHEREFORE**, Randall-Morgan Construction Company, Inc. prays that this Answer be deemed good and sufficient and that after due proceedings are had, that there be judgment in favor of Randall-Morgan Construction, Inc. and against MFLC Partners, a Louisiana Partnership in Commendam, dismissing plaintiff's claim and in favor of Randall-Morgan Construction Company, Inc. and against MFLC Partners, a Louisiana Partnership in Commendam, Mirabeau Family Learning Center, Inc., Michael Vales and Federal National Mortgage Association, *in solido*, in the amount of $440,788.93, plus judicial interest from the earliest date provided by law, all costs of these proceedings and all other relief deemed and equitable by this Court.

Respectfully submitted,

HALPERN, DANNER, MARTIN
& MILES, L.L.C.

_____
David J. Halpern (Bar No. 6542)
Jill A. Gautreaux (Bar No. 23750)
Mary Ann Hoskins (Bar No. 20869)
3900 North Causeway Boulevard
Lakeway One – Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705
Attorneys for Randall-Morgan Construction
 Company

## Certificate Of Service

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing same in the United States mail, Second class postage prepaid and properly addressed to their respective offices March 19, 2001.

_____

\\Jill\c\My Documents\active files\R-143\SecondAm.Ans.doc