FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY -1 AM 9: 17

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| | * | SECTION "J" |
| Versus | * * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | * * | |

### Motion, Incorporated Memorandum And Order
### For a Second Extension of Time within which to Respond to Discovery

**Now Into Court,** through undersigned counsel, comes defendant, Randall-Morgan Construction Company, Inc., (Randall-Morgan) who respectfully requests that the Court extend the time within which it has to file responses to discovery propounded on behalf of MFLC Partners, Mirabeau Family Learning Center, Inc., Federal National Mortgage Association, and Michael Vales under Local Rule 7.9 for the following reasons:

I.

On March 24, 2001, plaintiffs, MFLC Partners, Mirabeau Family Learning Center, Inc., Federal National Mortgage Association, and Michael Vales, propounded a set of Interrogatories, Request for Production of Documents, and Request for Admissions upon plaintiff, Randall-Morgan Construction Company, Inc.

1

II.

The discovery was due on April 25, 2001; however, due to the illness of the person designated to compile the information on behalf of Randall-Morgan, Randall-Morgan requested a ten (10) day extension, which was granted.

III.

Now Randall-Morgan must request a second ten (10) day extension. The discovery propounded requires the preparation of extensive responses and is document intensive. Plaintiffs have requested a copy of each piece of paper associated with a large government funded construction contract lasting over two years. Randall-Morgan has at least five legal size boxes that must be organized, sent to be copied, and then coordinated with the discovery responses. It has taken two days to copy just two boxes using an outside copying service. The boxes contain statements and checks that have to be hand copied front and back. Randall-Morgan will not even have the rest of the documents ready to be copied before this Wednesday, May 2, 2001. Then, after the documents are copied, which may take up to three days, counsel for Randall-Morgan must review the documents and organize them in response to the particular discovery propounded.

IV.

The responses to the Interrogatories, Request for Production of Documents, and Requests for Admission are presently due on May 5, 2001.1

---

1 Since May 5, 2001 is a Saturday, the discovery is actually due on Monday, May 7, 2001.

2

V.

There is not sufficient time to properly respond to the discovery by the present due date.

VI.

Defendant requests a ten (10) day extension causing the discovery responses to be due on May 17, 2001.

VII.

A ten (10) day extension will not interfere with the trial schedule of this matter. The trial is presently set for October 15, 2001. The discovery deadline is presently September 17, 2001. Mediation is scheduled for early August 2001. The parties are conducting discovery at this time to prepare for the mediation. Further, counsel have agreed that should the mediation not produce a settlement, the trial will likely have to be continued to allow for even more discovery.

VIII.

Counsel for plaintiffs has been notified and does not consent to the extension, although admittedly he would rather have the documents produced somewhat organized as opposed to delivered in mass.

IX.

There has been one previous request for a ten (10) day extension of time to respond to this discovery that was by consent of the parties.

X.

Defendant requests that an extension of time be granted without any prejudice or waiver of any objections on the grounds that the objections, if any, were not timely.

**WHEREFORE**, it is respectfully requested that this Honorable Court grant mover an additional ten (10) days within which to respond to plaintiff's Interrogatories, Request for Production of Documents, and Request for Admission without any prejudice or waiver of any objections, if any, on the grounds that the objections were not timely.

Respectfully submitted,

_____
David J. Halpern, (Bar No. 6432)
Bruce M. Danner (Bar No. 4496)
Jill A. Gautreaux (Bar No. 23750)
Maryann G. Hoskins (Bar No. 20869)
Zara Zeringue (Bar No. 22901)

Halpern, Danner, Martin &Miles, L.L.C.
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705

Attorneys for Defendant, Randall-Morgan Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by facsimile and by placing a copy of the same in the United States Mails, to each properly addressed and postage pre-paid on this _____ day of _____, 2001.

_____

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA<br>PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379<br>SECTION "J" |
| Versus | * * | |
| RANDALL-MORGAN CONSTRUCTION<br>COMPANY, INC. | * * * | MAG. 1 |

## ORDER

Considering the foregoing *Motion and Incorporated Memorandum for Second Extension of Time in which to respond to Discovery Under Local Rule 7.9*;

IT IS ORDERED BY THE COURT that this Motion be and is granted and that Defendant, Randall-Morgan Construction Company, Inc., is permitted an additional ten (10) days within which to respond to Interrogatories, Requests for Production of Documents, and Request for Admission propounded on behalf of plaintiffs without any prejudice or waiver of any objections, if any, on the grounds that the objections were not timely.

**NEW ORLEANS, LOUISIANA** this _____ day of _____, 2001.

_____
U.S. MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| | * | SECTION "J" |
| Versus | * * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | * * | |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a Motion for a Second Extension of Time within which to Respond to Discovery has been filed on behalf of Randall-Morgan Construction Co., Inc.

**NOTICE IS HEREBY GIVEN** that objection to said motion MUST be filed with the Court and a copy served on counsel no later than May _____, 2001.

**NOTICE IS FURTHER GIVEN** that a hearing will be conducted before the United States District Court for the Eastern District of Louisiana, Magistrate 1, the Honorable Sally Shushan, 501 Magazine Street, New Orleans, Louisiana, on the _____ day of May, 2001 at 10:00 a.m. to consider and rule on said motion and any objections filed.

**NEW ORLEANS, LOUISIANA** this _____ day of May, 2001.

_____
U.S. MAGISTRATE J U D G E