

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY 14  AM 8: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| | * | SECTION "J" |
| Versus | * * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | * * | |

### Motion, Incorporated Memorandum And Order
### For Leave to Propound More than Twenty-Five Interrogatories Upon MFLC Partners

**Now Into Court,** through undersigned counsel, comes defendant, Randall-Morgan

Construction Company, Inc., (Randall-Morgan) who respectfully requests that the Court allow them

to propound more than twenty-five Interrogatories upon MFLC Partners, a Louisiana Partnership in

Commendam, (MFLC Partners) for the following reasons:

I.

This case concerns an extensive government involved construction contract dispute involving

in excess of 1.4 million dollars and spanning over a three year time period. There are five different

persons and/or entities involved in this litigation.  This is the first set of Interrogatories sought to be

MFLC Partners vs  Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound in Excess of
Twenty-five Interrogatories upon MFLC Partners
Page - 1

propounded upon this party. The trial of this matter is set for October 15, 2001 and a commercial mediation is scheduled to occur in mid-August. These Interrogatories in excess of twenty-five shall further the likelihood of settlement by defining the issues and understanding the basis and support of the allegations.

## II.

*Federal Rule of Civil Procedure Rule 33* provides that a party may serve interrogatories on any other party not exceeding 25 in number, including all discrete subparts. Leave to serve additional interrogatories will be granted to the extent consistent with the principles of *Federal Rule of Civil Procedure Rule 26(b)(2)*.

## III.

Randall-Morgan seeks to propounded a total of 37 Interrogatories, with some sub-parts, upon MFLC Partners (Exhibit 1). These Interrogatories are not duplicative or unreasonably cumulative.

## IV.

MFLC Partners has filed an Original Complaint, a First Amended Complaint, a Second Amended Complaint, an Answer to Randall-Morgan's First Amended Counter-Claim, a First

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound in Excess of
Twenty-five Interrogatories upon MFLC Partners
Page - 2

Amended Answer to Randall-Morgan's First Amended Counter-Claim, and a Second Amended

Answer to Randall-Morgan's First Amended Counter-Claim.  MFLC Partners has alleged in its

complaints Randall-Morgan's liability for three completely different actions (1) the alleged

wrongful filing of a lien; (2) alleged defective workmanship; and, (3) liquidated damages for

alleged unapproved delays in the completion of the construction contract.

V.

Furthermore, MFLC Partners has responded to Randall-Morgan's Counter-claims with

eleven different affirmative defenses.

VI.

Randall-Morgan's Interrogatories primarily concern the foundation for these three

different alleged claims and the eleven affirmative defenses.  Thus, considering the importance of

the issues at stake in this litigation and the importance of the proposed discovery in resolving the

issues such leave to propound in excess of twenty-five Interrogatories should be granted.

VII.

The aim of *Rule 33's* limit on the number of interrogatories is not to prevent needed

discovery, but to provide judicial scrutiny before parties make potentially excessive use of this

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound in Excess of
Twenty-five Interrogatories upon MFLC Partners
Page - 3

discovery device. In many cases, it will be appropriate for the court to permit a larger number of interrogatories. *10 Fed.Proc. Sec. 26:374(1994)(Treatise Main Volume).*

A rule limiting the number of interrogatories is not intended to frustrate legitimate discovery efforts, and it should not be construed in a fashion which has that effect. The purpose of such rule is to eliminate the once common practice of serving sets of interrogatories consisting of hundreds of unrelated, and mostly irrelevant, boilerplate or form interrogatories stored in the electronic memories of word processors and automatic typewriters without the intervention of human intelligence to tailor the interrogatories to the requirements of the individual case. The service of such a set of interrogatories on one party is often followed by retaliation in the form of service of a similarly outrageous set of interrogatories upon the other party. If adequate discovery cannot be accomplished within the limit, the court has ample authority to allow service of additional interrogatories. *Clark v Burlington N. Railroad,* 112 FRD 117 (1986, ND Miss); *10 Fed.Proc. Sec. 26:375(1994)(Treatise Main Volume).*

VIII.

If such leave is not readily granted upon circumstances that exist in cases such as this one, then in the interests of conserving the number of interrogatories used, a party might tend to

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound in Excess of
Twenty-five Interrogatories upon MFLC Partners
Page - 4

propound questions that are objectionably vague or compound.  If, on the other hand, the

propounding party includes logically or factually related and subsumed subparts in order to give

the interrogatory the desired degree of specificity, a literal reading of the rule would require that

each such subpart, no matter how narrowly drawn, be counted as a separate interrogatory. This

option could too quickly exhaust the propounding party's supply of interrogatories, and

unnecessarily cramp the party's fact-gathering ability. Legitimate discovery efforts should not

have to depend upon linguistic acrobatics, nor should they sap the court's limited resources in

order to resolve hyper technical disputes. Therefore, interrogatory subparts are to be counted as

part of but one interrogatory for the purposes of the rule if they are logically or factually

subsumed within and necessarily related to the primary question. *Ginn v Gemini, Inc.*, 137 FRD

320 (1991, DC Nev).

IX.

Furthermore, a question asking about communications of a particular type should be

treated as a single interrogatory even though it requests that the time, place, persons present, and

contents be stated separately for each such communication. *Notes of Advisory Committee on

1993 Amendments to Federal Rules of Civil Procedure, FRCP 33.* Permission to exceed the

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound in Excess of
Twenty-five Interrogatories upon MFLC Partners
Page - 5

local limitations should be liberally granted if the subparts are related questions. *Valdez v Ford Motor Co.*, 134 FRD 296 (1991, DC Nev).

### X.

Randall-Morgan has specifically and painstakingly tailored these Interrogatories to address the issues of the case. Consistent with the principals of *Federal Rule of Civil Procedure Rule 26(b)(2)*, leave is warranted in this case.

### XI.

Counsel for plaintiffs has been notified and does not consent to the additional Interrogatories, although he does not strenuously object either.

### XII.

Randall-Morgan requests that it be allowed to propound in excess of twenty-five Interrogatories upon this Party as set forth in the Exhibit attached hereto.

**WHEREFORE**, it is respectfully requested that this Honorable Court grant mover leave to propound in excess of twenty-five Interrogatories upon MFLC Partners as set forth in Exhibit 1 attached hereto.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound in Excess of
Twenty-five Interrogatories upon MFLC Partners
Page - 6

Respectfully submitted,

David J. Halpern, (Bar No. 6452)
Bruce M. Danner (Bar No. 4496)
Jill A. Gautreaux (Bar No. 23750)
Maryann G. Hoskins (Bar No. 20869)
Zara Zeringue (Bar No. 22901)

Halpern, Danner, Martin &Miles, L.L.C.
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705

Attorneys for Defendant, Randall-Morgan
Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing
pleading has been served upon counsel for all parties
by facsimile and by placing a copy of the same in the
United States Mails, to each properly addressed and
postage pre-paid on this 10TH day of
May, 2001.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound in Excess of
Twenty-five Interrogatories upon MFLC Partners
Page - 7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA | * | CIVIL ACTION NO. 00-0379 |
| PARTNERSHIP IN COMMENDAM | * | |
| | * | SECTION "J" |
| Versus | * | |
| | * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION | * | |
| COMPANY, INC. | * | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that a Motion for Leave to Propound in Excess of Twenty-Five

Interrogatories upon MFLC Partners has been filed on behalf of Randall-Morgan Construction Co.,

Inc.

**NOTICE IS HEREBY GIVEN** that objection to said motion MUST be filed with the Court

and a copy served on counsel no later than May _____, 2001.

**NOTICE IS FURTHER GIVEN** that a hearing will be conducted before the United

States District Court for the Eastern District of Louisiana, Magistrate 1, the Honorable Sally

Shushan, 501 Magazine Street, New Orleans, Louisiana, on the _____ day of May, 2001 at

10:00 a.m. to consider and rule on said motion and any objections filed.

**NEW ORLEANS, LOUISIANA** this _____ day of May, 2001.


                                                  _____

                                                U.S. MAGISTRATE J U D G E

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| | * | SECTION "J" |
| Versus | * | |
| | * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION | * | |
| COMPANY, INC. | * | |

**ORDER**

Considering the foregoing *Motion and Incorporated Memorandum for Leave to*

*Propound More than Twenty-Five Interrogatories Upon MFLC Partners,*

**IT IS ORDERED BY THE COURT** that this Motion be and is hereby granted and that

Defendant, Randall-Morgan Construction Company, Inc., is permitted to propound in excess of

twenty-five Interrogatories upon MFLC Partners as set forth in mover's Exhibit 1 attached to the

motion.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound in Excess of
Twenty-five Interrogatories upon MFLC Partners
Page - 8

**NEW ORLEANS, LOUISIANA** this \_\_\_\_\_ day of _____, 2001.


_____
U.S. MAGISTRATE JUDGE

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound in Excess of
Twenty-five Interrogatories upon MFLC Partners
Page - 9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM** | **CIVIL ACTION NO. 00-0379** |
| **VS.** | **SECTION "J"** |
| **RANDALL-MORGAN CONSTRUCTION COMPANY, INC.** | **MAG. 1** |

---

### FIRST SET OF INTERROGATORIES

TO:   MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM
     through its attorney of record
     A. Gregory Grimsal, Esq.
     Gordon, Arata, McCollam & Duplantis
     201 St. Charles Avenue, 40th Floor
     New Orleans, Louisiana 70170-4000

     Randall-Morgan Construction Company, Inc. ("Randall-Morgan"), original Defendant and

Counter Plaintiff in the captioned matter and represented herein by undersigned counsel, hereby

propounds the following Interrogatories to MFLC Partners, a Louisiana Partnership in Commendam

("MFLC"), in accordance with FRCP Article 26 and 33, to be answered fully and completely, in

writing and under oath, within the delays allowed by law.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to MFLC Partners
Page - 1

**EXHIBIT**
**1**

## INSTRUCTIONS

You are required to answer these Interrogatories separately and fully, in writing and under oath, in accordance with the Federal Rules of Civil Procedure. You are further required to have the responses signed by the person making them and serve same upon undersigned counsel within thirty (30) days. If you are unable to answer any Interrogatory in full after diligent efforts to obtain such information known or available to you (whether possessed directly by you or your counselor either or your agents, employees, representatives or investigators), please answer to the extent possible and specify the reasons for your inability to answer the remainder, stating whatever information, knowledge or belief you have concerning the unanswered portion.

For each Interrogatory or part thereof which you refuse to answer on the ground of privilege or other immunity from discovery, state: (a) the precise nature of the privilege or immunity invoked; (b) the reasons for the privilege with citation to the appropriate relationship or information claimed to be privileged or immune from discovery; and ( c ) name of each person having knowledge of the facts subject to the claim of privilege or immunity from discovery.

These Interrogatories are continuing in nature to the extent provided by Rule 26( e ) of the Federal Rules of Civil Procedure. Supplementation of all responses is requested as the information changes and/or becomes available.

## DEFINITIONS

A.           In the event an Interrogatory is objected to, MFLC shall set forth the reason

for the objection in lieu of an answer.

B.  The terms you, your and yours refer to all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of MFLC.

C.  The term Mirabeau refers to Mirabeau Family Learning Center, Inc.

D.  The term Fannie Mae refers to Federal National Mortgage Association.

E.  The term Vales refers to Michael Vales.

F.  The term Parties refers to MFLC, Mirabeau, Fannie Mae, Vales and all present and former agents, employees, representatives, attorneys, or other persons acting or purporting to act on behalf of MFLC, Mirabeau, Fannie Mae, or Vales.

G.  The term Project refers to the Filmore Parc Project which was the subject of the construction contract between the parties and Randall-Morgan.

H.  The term MPLC Contract refers to the contract between MPLC and Randall-Morgan dated November 13, 1997 to renovate Filmore apartment complex.

I.  The term Mirabeau Contract refers to the contract between Mirabeau Family Leasing Center, Inc. and Randall-Morgan dated November 13, 1997 to renovate Filmore Apartment Complex.

J.  The terms document or documents shall mean or refer to all written or

graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, specifically including, but not limited to, writings, graphs, charts, photographs, telephone records, data compilations, letters, correspondence, memoranda, minutes, notes, contracts, agreements, memoranda of conversations, films, transcripts, microfilm, desk calendars, appointment books, diaries, time sheets, laboratory books, logs, bulletins, circulars, notices, rules, regulations, prospectus, directions, teletype messages, inter-office communications, intra-office communications, reports, company work sheets, credit files, evidences of indebtedness, negotiable instruments, telegrams, mailgrams, books, news releases, newspapers, magazines and advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial statements, stock transfer books, ledgers, journals, books of account, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, working papers, telephone messages (whether written or recorded), notebooks, evaluations, recommendations, annual reports, confirmations, leases, analyses, disbursement requests or orders, indices,

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to MFLC Partners
Page - 4

projections, forms, data sheets, data processing disks or readable computer prints, produced interpretations thereof, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disk recordings (both audio and video), blueprints, containers, cartons, package labels, slides, audit reports, personal interviews, extracts, compilations or paraphrases of any of the foregoing, which are in the possession, custody or control of you or to which you can obtain access.

K.    The term relate to, including but not limited to its various forms such as relating to, shall mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter.

L.    With respect to the identification or production of any documents which you claim to be privileged, a statement shall be provided by your attorneys setting forth as to each such document:

1.    The name of the sender, if any, of the document;

2.    The name of the author of the document;

3.    The name of the person, if any, to whom the document and copies were sent;

4.    A description of the nature and the subject matter of the document;

5.    The statute, rule or decision, which is claimed to give rise to the privilege;

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to MFLC Partners
Page - 5

6.    The last known custodian of the document and the present location of the document;

7.    Attachments to the document;

8.    The number of pages comprising the document;

9.    Whether the document was handwritten, typewritten or otherwise prepared; and

10.   Any other information that is useful in identifying or is necessary to identify the document.

M.    Whenever appropriate, the singular form of a word shall be interpreted in the plural and vice versa.

N.    <u>And</u> as well as <u>or</u> shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any matters which might otherwise be construed to be outside of the scope.

O.    The definitions and instructions set forth herein are expressly incorporated by reference and made a part of each of the Interrogatories set forth below.

<u>INTERROGATORY NO. 1</u>

Please identify each person, by full name, municipal business and home addresses, business and home telephone numbers, and title, who provided or assisted in providing the responses to these Interrogatories and Requests for Production of Documents.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to MFLC Partners
Page - 6

INTERROGATORY NO. 2

Please identify each fact witness you may call at the trial of this matter by name, municipal address and telephone number, and include in your answer a brief statement of the substance of those facts upon which each witness is expected or intended to testify.

INTERROGATORY NO. 3

Please identify each expert witness you may call at the trial of this matter by name, municipal address and telephone number and for each such expert, state the facts known and opinions held by him or her.

INTERROGATORY NO. 4

Please identify the name and business address of each insurer, the policy number, the name of the agent, the name of each insured and the policy limits for all insurance policies that were in effect from 1997 thru 1999 and/or that may provide coverage to you for Randall-Morgan's counter-claims.

INTERROGATORY NO. 5

Please identify in specific detail any and all documents you intend to use as exhibits at trial whether evidentiary or demonstrative.

INTERROGATORY NO. 6

Please describe in specific detail each and every item of damages incurred by MFLC as a result of the filing of the Affidavit of Lien and Privilege as more particularly alleged in paragraph numbered 14 of MFLC's Original Petition for Writ of Mandamus, and paragraph numbered 18 of the

First Amended Complaint including, but not limited to, a description of the item of damage and the respective amount thereof and provide the name, municipal address and telephone number of the person and/or entity who will testify in support of the allegation of damages described herein.

INTERROGATORY NO. 7

Please describe in specific detail each and every item of damages incurred by MFLC as a result of Randall-Morgan's alleged delay and/or failure to complete the project as more particularly alleged in paragraph numbered 25 of the Second Amended Complaint including, but not limited to, a description of the item of damage and the respective amount thereof and provide the name, municipal address and telephone number of the person and/or entity who will testify in support of the allegation of damages described herein.

INTERROGATORY NO. 8

Please describe in specific detail any work performed by, or on behalf of, Randall-Morgan which falls beyond the scope of the Project as represented by the Mirabeau and/or MFLC Contract dated November 13, 1997.

INTERROGATORY NO. 9

As to any of that work described in response to the preceding Interrogatory, please designate those portions thereof which were performed with the written and/or verbal approval of MFLC, its agents or representatives, Mirabeau Family Learning Center, Inc., Michael Vales, and/or Fannie Mae, its agents or representatives.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to MFLC Partners
Page - 8

INTERROGATORY NO. 10

As to any of that work described in response to the two preceding Interrogatories, please provide the alleged cost of such work and which of the Parties paid Randall-Morgan for such work, if any.

INTERROGATORY NO. 11

Describe any and all change orders verbally approved and directed by MFLC, Mirabeau, Fannie Mae, Vales or any of their representatives including, but not limited to, the approximate date and scope of work, the alleged cost of such work and which of the Parties paid Randall-Morgan for such work, if any.

INTERROGATORY NO. 12

Please provide the full name(s) and municipal home and business addresses and respective telephone numbers of that person(s) who inspected the project site on behalf of Fanny Mae (or any of the Parties), and as more specifically alleged in paragraph numbered 11 of your Answer to First Amended Counterclaim and describe their employment and/or business relationship with each of the Parties.

INTERROGATORY NO. 13

Did MFLC or any of the Parties ever request that work be performed or charge materials for work performed on the Project by Randall-Morgan without the knowledge or consent of Randall-Morgan and if so, provide the following information:

    (a)      Description of material purchased;

    (b)      Date of purchase;

    (c)      Amount of purchase;

    (d)      The identity of the person(s) who so charged.

## INTERROGATORY NO. 14

Please describe in specific detail each and every factual circumstance upon which the MFLC relies when asserting that Randall-Morgan failed to take reasonable steps to attempt to cover or mitigate its alleged loss, as more particularly alleged in paragraph numbered 28 of your Answer to First Amended Counter Claim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify in support of the foregoing assertion.

## INTERROGATORY NO. 15

Please provide in specific detail each and every factual circumstance upon which MFLC relies when asserting that Randall-Morgan is barred in whole or in part by virtue of accord and satisfaction, and as more particularly alleged in paragraph numbered 29 of your Answer to First Amended Counterclaim and provide the full name and municipal home and business address and respective phone numbers of each person who you claim will testify in support of the foregoing assertion.

INTERROGATORY NO. 16

Please provide in specific detail each and every factual circumstance upon which MFLC relies when alleging that Randall-Morgan's Counter Claim is barred in whole or in part by estoppel, and as more particularly alleged in paragraph numbered 30 of your Second Amended Answer to First Amended Counter Claim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 17

Please provide in specific detail each and every factual circumstance upon which MFLC relies when asserting that Randall-Morgan's Counterclaim is barred in whole or in part by payment, in whole or in part, by dation en paiement, and as more particularly alleged in paragraph numbered 31 of your Answer to First Amended Counterclaim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 18

Please provide in specific detail each and every factual circumstance upon which MFLC relies when asserting that Randall-Morgan's Counterclaim is barred because of a release or releases on its part, and as more particularly alleged in paragraph numbered 32 of their Answer to First Amended Counter Claim and provide the full name and municipal home and business addresses and

respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 19

Please provide in specific detail each and every factual circumstance upon which MFLC relies when asserting that Randall-Morgan's Counterclaim is barred by a waiver or waivers on its part, and as more particularly alleged in paragraph numbered 33 of their Answer to First Amended Counter Claim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 20

Please provide in specific detail each and every factual circumstance upon which MFLC relies when asserting that the alleged injury or damages suffered by Randall-Morgan were proximately caused by actions or failures to act by persons other than any of the Parties, and as more particularly alleged in paragraph numbered 34 of your Answer to First Amended Counterclaim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 21

Please provide in specific detail each and every factual circumstance upon which MFLC relies when asserting that to the extent that Randall-Morgan is found to have been damaged by any action or inaction by MFLC, MFLC is entitled to an offset or compensation with respect to such

amounts as are owed to MFLC by Randall-Morgan and as more particularly alleged in paragraph numbered 35 of your Answer to First Amended Counterclaim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 22

Please describe in specific detail each and every factual circumstance upon which MFLC relies when asserting that Randall-Morgan's Counter Claim is time barred, and as more particularly alleged in paragraph numbered 36 of your Second Amended Answer to First Amended Counterclaim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 23

Please describe in specific detail each and every factual circumstance upon which MFLC relies when asserting that Randall-Morgan's Counter Claim is barred due to its failure to avail itself of and/or exhaust administrative and/or contractual remedies, and as more particularly alleged in paragraph numbered 37 of their Partner's Amended Answer to First Amended Counter-Claim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 24

Please describe in specific detail each and every factual circumstance upon which MFLC

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to MFLC Partners
Page - 13

relies when asserting that Randall-Morgan's Counter Claim is barred in whole or in part because it failed to maintain contractually required records in support thereof, and as more particularly alleged in paragraph numbered 38 of their Amended Answer to First Amended Counter-Claim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 25

Please describe in specific detail each and every factual circumstance upon which MFLC relies when asserting that there existed certain defects in workmanship by Randall-Morgan, and as more particularly alleged in paragraphs numbered 22 and 23 of its First Amended Complaint, including, but not limited to, a specific list of items with an estimate of the cost of repair and please provide the full name and municipal home and business address and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 26

Please describe in specific detail each and every factual circumstance upon which MFLC relies when asserting that Randall-Morgan is liable for liquidated damages, and as more particularly alleged in paragraphs numbered 3C, 3D, and 25 of your Second Amended Complaint and please provide the full name and municipal home and business address and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 27

Describe your understanding of the work performed and/or materials included under the

budget line item "Dry wall."

INTERROGATORY NO. 28

Explain in specific detail those reasons why there has been no closing on and/or transfer of

title of the property of the Project despite the removal of the lien Randall-Morgan had previously

filed in October of 1999.

INTERROGATORY NO. 29

State the date this Project was completed and/or if it was not completed, state the first and

last date Barron Builders and Management Company Inc. performed work on the Project.

INTERROGATORY NO. 30

Describe any and all audits that were actually performed or attempted to be performed of

Randall-Morgan's work including but not limited to the name, municipal address and telephone

number of each person who was to perform or did perform such audit, the Party who directed that

such audit be performed, the findings of each audit, the reason why such audit was not performed, a

description of the audit process utilized, and the date of such audit.

INTERROGATORY NO. 31

State the name and municipal address of the person designated as the "Federal Housing

Commissioner" in the MFLC Contract.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to MFLC Partners
Page - 15

INTERROGATORY NO. 32

Explain in detail the reason the Project was not completed by May 13, 1998 and describe any and all verbal and/or written extensions of time provided and/or authorized by the Parties, or their representative.

INTERROGATORY NO. 33

Describe the meeting that occurred on or about February 12, 1999 with all or some of the Parties and Randall-Morgan and the Architect including but not limited to the names of the persons present, the reason such meeting was called, the topics that were discussed, and the plans or resolutions determined.

INTERROGATORY NO. 34

Describe any and all payments you made to any and all subcontractors including but not limited to the name and municipal address of each subcontractor, a description of the work performed by each subcontractor and whether that work was within the scope of the work to be performed under the original MFLC Contract, the date(s) that such work was performed and payments were made.

INTERROGATORY NO. 35

Describe your relationship with Leo Massey including but not limited to your understanding of his authority to act on Fannie Mae's behalf and the actions he performed related to the Project.

## INTERROGATORY NO. 36

Describe the basis of your belief that you had the right to seek the release of Randall-Morgan's Letter of Credit, or portion thereof, held by Highland Mortgage Co., including but not limited to a description of what documents you relied upon.

## INTERROGATORY NO. 37

Describe the loan extension fees allegedly incurred by you including but not limited to the amount assessed, the per diem charge, the dates of such fee assessments, the authority for such assessments, and the actions necessary to stop such assessments.

Respectfully submitted,

David J. Halpern (Bar No. 6452)
Bruce M. Danner (Bar No. 4496)
Jill A. Gautreaux (Bar No. 23750)
Maryann G. Hoskins (Bar No. 20869)
Zara Zeringue (Bar No. 22901)·

Halpern, Danner, Martin &Miles, L.L.C.
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705

Attorneys for Defendant, Randall-Morgan
Construction, Inc.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to MFLC Partners
Page - 17

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by facsimile and by placing a copy of the same in the United States Mails, to each properly addressed and postage pre-paid on this ___10T___ day of ___May___, 2001.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J. Mag. 1
Interrogatories to MFLC Partners
Page - 18