

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY 14  PM 2: 30

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| | * | SECTION "J" |
| Versus | * | |
| | * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | * * | |

**MOTION FOR EXPEDITED HEARING
ON RANDALL-MORGAN'S REQUEST FOR LEAVE
TO PROPOUND MORE THAN TWENTY-FIVE
INTERROGATORIES UPON FANNIE MAE**

**NOW INTO COURT**, comes defendant, Randall-Morgan Construction Co., Inc., (Randall-Morgan), who respectfully requests that this Honorable Court order an expedited hearing on its Motion for Leave to Propound More than Twenty-Five Interrogatories upon Fannie Mae for the following reasons:

I.

The motion for leave concerns the first set of Interrogatories sought to be propounded upon

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Expedited Hearing on
Motion for Leave to Propound More than
Twenty-five Interrogatories upon Fannie Mae
Page - 1

DATE OF ENTRY
MAY 1 8 2001



Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc.No. _____

this party.  This case concerns an extensive government involved construction contract dispute

involving in excess of 1.4 million dollars and spanning over a three year time period.  There are five

different persons and/or entities involved in this litigation.

## II.

The trial of this matter is set for October 15, 2001 and a commercial mediation is scheduled

to occur in mid-August.  These Interrogatories in excess of twenty-five shall further the likelihood of

settlement by defining the issues and understanding the basis and support of the allegations.

## III.

Additionally, there are depositions scheduled for June 12th and June 26th.  The depositions

shall be more effective if the discovery responses are received prior thereto.  If the hearing on the

Motion for Leave is not expedited, the responses may be delayed.

## IV.

Thus, Randall-Morgan requests that the hearing on its motion for leave be expedited and set

for this Friday, May 18, 2001.

**WHEREFORE**, it is respectfully requested that defendant's, Randall-Morgan Construction

Co., Inc., Motion for Expedited Hearing on its Motion for Leave to Propound More than Twenty-

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Expedited Hearing on
Motion for Leave to Propound More than
Twenty-five Interrogatories upon Fannie Mae
Page - 2

Five Interrogatories upon Fannie Mae be granted and heard on May 18, 2001.

Respectfully submitted,

David J. Halpern, (Bar No. 6452)
Bruce M. Danner (Bar No. 4496)
Jill A. Gautreaux (Bar No. 23750)
Maryann G. Hoskins (Bar No. 20869)
Zara Zeringue (Bar No. 22901)

Halpern, Danner, Martin &Miles, L.L.C.
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705

Attorneys for Defendant, Randall-Morgan
Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing
pleading has been served upon counsel for all parties by
facsimile and by placing a copy of the same in the United
States Mails, to each properly addressed and postage pre-paid
on this ___ day of _____, 2001.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Expedited Hearing on
Motion for Leave to Propound More than
Twenty-five Interrogatories upon Fannie Mae
Page - 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| | * | SECTION "J" |
| Versus | * | |
| | * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | * * | |

## ORDER

Considering the above and foregoing Motion:

**IT IS HEREBY ORDERED** that the Motion for Expedited Hearing is hereby granted. All

oppositions must be filed by the _____ day of May, 2001 and such hearing is set for the _____

day of May, 2001, upon the briefs.

**NEW ORLEANS, LOUISIANA** this ___ 1 8 ___ day of May, 2001.

*See Minute Entry dated this date.*

_____
U.S. MAGISTRATE J U D G E

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Expedited Hearing on
Motion for Leave to Propound More than
Twenty-five Interrogatories upon Fannie Mae
Page - 5

discovery efforts, and it should not be construed in a fashion which has that effect. The purpose

of such rule is to eliminate the once common practice of serving sets of interrogatories consisting

of hundreds of unrelated, and mostly irrelevant, boilerplate or form interrogatories stored in the

electronic memories of word processors and automatic typewriters without the intervention of

human intelligence to tailor the interrogatories to the requirements of the individual case. The

service of such a set of interrogatories on one party is often followed by retaliation in the form of

service of a similarly outrageous set of interrogatories upon the other party.  If adequate

discovery cannot be accomplished within the limit, the court has ample authority to allow service

of additional interrogatories. *Clark v Burlington N. Railroad,* 112 FRD 117 (1986, ND Miss); *10*

*Fed.Proc. Sec. 26:375(1994)(Treatise Main Volume).*

## VII.

If such leave is not readily granted upon circumstances that exist in cases such as this one,

then in the interests of conserving the number of interrogatories used, a party might tend to

propound questions that are objectionably vague or compound.  If, on the other hand, the

propounding party includes logically or factually related and subsumed subparts in order to give

the interrogatory the desired degree of specificity, a literal reading of the rule would require that

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound More than
Twenty-five Interrogatories upon Mirabeau
Page - 4

each such subpart, no matter how narrowly drawn, be counted as a separate interrogatory. This option could too quickly exhaust the propounding party's supply of interrogatories, and unnecessarily cramp the party's fact-gathering ability. Legitimate discovery efforts should not have to depend upon linguistic acrobatics, nor should they sap the court's limited resources in order to resolve hyper technical disputes. Therefore, interrogatory subparts are to be counted as part of but one interrogatory for the purposes of the rule if they are logically or factually subsumed within and necessarily related to the primary question. *Ginn v Gemini, Inc.*, 137 FRD 320 (1991, DC Nev).

## VIII.

Furthermore, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication. *Notes of Advisory Committee on 1993 Amendments to Federal Rules of Civil Procedure, FRCP 33.* Permission to exceed the local limitations should be liberally granted if the subparts are related questions. *Valdez v Ford Motor Co.*, 134 FRD 296 (1991, DC Nev).

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound More than
Twenty-five Interrogatories upon Mirabeau
Page - 5

## IX.

Randall-Morgan has specifically and painstakingly tailored these Interrogatories to address the issues of the case. Consistent with the principals of *Federal Rule of Civil Procedure Rule 26(b)(2)*, leave is warranted in this case.

## X.

Counsel for plaintiffs has been notified and does not consent to the additional Interrogatories, although he does not strenuously object either.

## XI.

Randall-Morgan requests that it be allowed to propound in excess of twenty-five Interrogatories upon this Party as set forth in the Exhibit attached hereto.

**WHEREFORE**, it is respectfully requested that this Honorable Court grant mover leave to propound in excess of twenty-five Interrogatories upon Mirabeau as set forth in Exhibit 1 attached hereto.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound More than
Twenty-five Interrogatories upon Mirabeau
Page - 6

Respectfully submitted,

_David J. Halpern (Bar No. 6452)_
Bruce M. Danner (Bar No. 4496)
Jill A. Gautreaux (Bar No. 23750)
Maryann G. Hoskins (Bar No. 20869)
Zara Zeringue (Bar No. 22901)

Halpern, Danner, Martin &Miles, L.L.C.
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705

Attorneys for Defendant, Randall-Morgan
Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing
pleading has been served upon counsel for all parties
by facsimile and by placing a copy of the same in the
United States Mails, to each properly addressed and
postage pre-paid on this _____ day of
_____, 2001.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound More than
Twenty-five Interrogatories upon Mirabeau
Page - 7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**MFLC PARTNERS, A LOUISIANA**　　　　　**CIVIL ACTION NO. 00-0379**
**PARTNERSHIP IN COMMENDAM**

**VS.**　　　　　　　　　　　　　　　　　　**SECTION  J**

**RANDALL-MORGAN CONSTRUCTION**
**COMPANY, INC.**　　　　　　　　　　　　**MAG. 1**

---

## FIRST SET OF INTERROGATORIES

TO:　MIRABEAU FAMILY LEARNING CENTER, INC.
　　　through its attorney of record
　　　A. Gregory Grimsal, Esq.
　　　Gordon, Arata, McCollam & Duplantis
　　　201 St. Charles Avenue, 40th Floor
　　　New Orleans, Louisiana 70170-4000

Randall-Morgan Construction Company, Inc. (Randall-Morgan), original Defendant and

Counter Plaintiff in the captioned matter and represented herein by undersigned counsel, hereby

propounds the following Interrogatories to Mirabeau Family Learning Center, Inc. (Mirabeau), in

accordance with FRCP Article 26 and 33, to be answered fully and completely, in writing and under

oath, within the delays allowed by law.


EXHIBIT
1

## INSTRUCTIONS

You are required to answer these Interrogatories separately and fully, in writing and under oath, in accordance with the Federal Rules of Civil Procedure. You are further required to have the responses signed by the person making them and serve same upon undersigned counsel within thirty (30) days. If you are unable to answer any Interrogatory in full after diligent efforts to obtain such information known or available to you (whether possessed directly by you or your counselor either or your agents, employees, representatives or investigators), please answer to the extent possible and specify the reasons for your inability to answer the remainder, stating whatever information, knowledge or belief you have concerning the unanswered portion.

For each Interrogatory or part thereof which you refuse to answer on the ground of privilege or other immunity from discovery, state: (a) the precise nature of the privilege or immunity invoked; (b) the reasons for the privilege with citation to the appropriate relationship or information claimed to be privileged or immune from discovery; and ( c ) name of each person having knowledge of the facts subject to the claim of privilege or immunity from discovery.

These Interrogatories are continuing in nature to the extent provided by Rule 26( e ) of the Federal Rules of Civil Procedure. Supplementation of all responses is requested as the information changes and/or becomes available.

## DEFINITIONS

A.          In the event an Interrogatory is objected to, Mirabeau shall set forth the

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 2

reason for the objection in lieu of an answer.

**B.**     The terms <u>you</u>, <u>your</u> and <u>yours</u> refer to all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Mirabeau.

**C.**     The term <u>Mirabeau</u> refers to Mirabeau Family Learning Center, Inc.

**D.**     The term <u>Fannie Mae</u> refers to Federal National Mortgage Association.

**E.**     The term <u>Vales</u> refers to Michael Vales.

**F.**     The term <u>Parties</u> refers to MFLC, Mirabeau, Fannie Mae, Vales and all present and former agents, employees, representatives, attorneys, or other persons acting or purporting to act on behalf of MFLC, Mirabeau, Fannie Mae, or Vales.

**G.**     The term <u>Project</u> refers to the Filmore Parc Project which was the subject of the construction contract between the parties and Randall-Morgan.

**H.**     The term <u>MPLC Contract</u> refers to the contract between MPLC and Randall-Morgan dated November 13, 1997 to renovate Filmore apartment complex.

**I.**     The term <u>Mirabeau Contract</u> refers to the contract between Mirabeau Family Leasing Center, Inc. and Randall-Morgan dated November 13, 1997 to renovate Filmore Apartment Complex.

**J.**     The terms <u>document</u> or <u>documents</u> shall mean or refer to all written or

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 3

graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, specifically including, but not limited to, writings, graphs, charts, photographs, telephone records, data compilations, letters, correspondence, memoranda, minutes, notes, contracts, agreements, memoranda of conversations, films, transcripts, microfilm, desk calendars, appointment books, diaries, time sheets, laboratory books, logs, bulletins, circulars, notices, rules, regulations, prospectus, directions, teletype messages, inter-office communications, intra-office communications, reports, company work sheets, credit files, evidences of indebtedness, negotiable instruments, telegrams, mailgrams, books, news releases, newspapers, magazines and advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial statements, stock transfer books, ledgers, journals, books of account, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, working papers, telephone messages (whether written or recorded), notebooks, evaluations, recommendations, annual reports, confirmations, leases, analyses, disbursement requests or orders, indices,

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 4

projections, forms, data sheets, data processing disks or readable computer prints, produced interpretations thereof, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disk recordings (both audio and video), blueprints, containers, cartons, package labels, slides, audit reports, personal interviews, extracts, compilations or paraphrases of any of the foregoing, which are in the possession, custody or control of you or to which you can obtain access.

K.     The term <u>relate to</u>, including but not limited to its various forms such as <u>relating to</u>, shall mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter.

L.     With respect to the identification or production of any documents which you claim to be privileged, a statement shall be provided by your attorneys setting forth as to each such document:

1.     The name of the sender, if any, of the document;

2.     The name of the author of the document;

3.     The name of the person, if any, to whom the document and copies were sent;

4.     A description of the nature and the subject matter of the document;

5.     The statute, rule or decision, which is claimed to give rise to the privilege;

      **6.**      The last known custodian of the document and the present location of the document;

      **7.**      Attachments to the document;

      **8.**      The number of pages comprising the document;

      **9.**      Whether the document was handwritten, typewritten or otherwise prepared; and

      **10.**     Any other information that is useful in identifying or is necessary to identify the document.

**M.**     Whenever appropriate, the singular form of a word shall be interpreted in the plural and vice versa.

**N.**     <u>And</u> as well as <u>or</u> shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any matters which might otherwise be construed to be outside of the scope.

**O.**     The definitions and instructions set forth herein are expressly incorporated by reference and made a part of each of the Interrogatories set forth below.

<u>INTERROGATORY NO. 1</u>

Please identify each person, by full name, municipal business and home addresses, business and home telephone numbers, and title, who provided or assisted in providing the responses to these Interrogatories and Requests for Production of Documents.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 6

INTERROGATORY NO. 2

Please identify each fact witness you may call at the trial of this matter by name, municipal address and telephone number, and include in your answer a brief statement of the substance of those facts upon which each witness is expected or intended to testify.

INTERROGATORY NO. 3

Please identify each expert witness you may call at the trial of this matter by name, municipal address and telephone number and for each such expert, state the facts known and opinions held by him or her.

INTERROGATORY NO. 4

Please identify the name and business address of each insurer, the policy number, the name of the agent, the name of each insured and the policy limits for all insurance policies that were in effect from 1997 thru 1999 and/or that may provide coverage to you for Randall-Morgan's counter-claims, including but not limited to any Officer and Director Insurance.

INTERROGATORY NO. 5

Please identify in specific detail any and all documents you intend to use as exhibits at trial whether evidentiary or demonstrative.

INTERROGATORY NO. 6

Please describe in specific detail any work performed by, or on behalf of, Randall-Morgan which falls beyond the scope of the Project as represented by the Mirabeau and/or MFLC Contract

dated November 13, 1997.

INTERROGATORY NO. 7

As to any of that work described in response to the preceding Interrogatory, please designate those portions thereof which were performed with the written and/or verbal approval of Vales, his agents or representatives, Mirabeau Family Learning Center, Inc., and/or Fannie Mae, its agents or representatives.

INTERROGATORY NO. 8

As to any of that work described in response to the two preceding Interrogatories, please provide the alleged cost of such work and which of the Parties paid Randall-Morgan for such work, if any.

INTERROGATORY NO. 9

Describe any and all change orders verbally approved and directed by MFLC, Mirabeau, Fannie Mae, Vales or any of their representatives including, but not limited to, the approximate date and scope of work, the alleged cost of such work and which of the Parties paid Randall-Morgan for such work, if any.

INTERROGATORY NO. 10

Please provide the full name(s) and municipal home and business addresses and respective telephone numbers of that person(s) who inspected the project site on behalf of Fanny Mae (or any of the Parties), and as more specifically alleged in paragraph numbered 11 of your Answer to First

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 8

Amended Counterclaim and describe their employment and/or business relationship with each of the Parties.

## INTERROGATORY NO. 11

Did Vales or any of the Parties ever request that work be performed or charge materials for work performed on the Project by Randall-Morgan without the knowledge or consent of Randall-Morgan and if so, provide the following information:

(a)   Description of material purchased;

(b)   Date of purchase;

(c)   Amount of purchase;

(d)   The identity of the person(s) who so charged.

## INTERROGATORY NO. 12

Please describe in specific detail each and every factual circumstance upon which Mirabeau relies when asserting that Randall-Morgan failed to take reasonable steps to attempt to cover or mitigate its alleged loss, as more particularly alleged in paragraph numbered 28 of your Answer to First Amended Counter Claim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify in support of the foregoing assertion.

## INTERROGATORY NO. 13

Please provide in specific detail each and every factual circumstance upon which Mirabeau

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 9

relies when asserting that Randall-Morgan is barred in whole or in part by virtue of accord and satisfaction, and as more particularly alleged in paragraph numbered 29 of your Answer to First Amended Counterclaim and provide the full name and municipal home and business address and respective phone numbers of each person who you claim will testify in support of the foregoing assertion.

## INTERROGATORY NO. 14

Please provide in specific detail each and every factual circumstance upon which Mirabeau relies when alleging that Randall-Morgan's Counter Claim is barred in whole or in part by estoppel, and as more particularly alleged in paragraph numbered 30 of your Second Amended Answer to First Amended Counter Claim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

## INTERROGATORY NO. 15

Please provide in specific detail each and every factual circumstance upon which Mirabeau relies when asserting that Randall-Morgan's Counterclaim is barred in whole or in part by payment, in whole or in part, by dation en paiement, and as more particularly alleged in paragraph numbered 31 of your Answer to First Amended Counterclaim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 10

INTERROGATORY NO. 16

Please provide in specific detail each and every factual circumstance upon which Mirabeau

relies when asserting that Randall-Morgan's Counterclaim is barred because of a release or releases

on its part, and as more particularly alleged in paragraph numbered 32 of their Answer to First

Amended Counter Claim and provide the full name and municipal home and business addresses and

respective phone numbers of each person who you claim will testify to support the foregoing

assertion.

INTERROGATORY NO. 17

Please provide in specific detail each and every factual circumstance upon which Mirabeau

relies when asserting that Randall-Morgan's Counterclaim is barred by a waiver or waivers on its

part, and as more particularly alleged in paragraph numbered 33 of their Answer to First Amended

Counter Claim and provide the full name and municipal home and business addresses and respective

phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 18

Please provide in specific detail each and every factual circumstance upon which Mirabeau

relies when asserting that the alleged injury or damages suffered by Randall-Morgan were

proximately caused by actions or failures to act by persons other than Mirabeau, and as more

particularly alleged in paragraph numbered 34 of your Answer to First Amended Counterclaim and

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 11

provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 19

Please provide in specific detail each and every factual circumstance upon which Mirabeau relies when asserting that Randall-Morgan's counterclaim is barred as against Mirabeau because Mirabeau is entitled to discussion of the assets of MFLC Partners, of which Mirabeau is a general partner and as more particularly alleged in paragraph numbered 35 of your Answer to First Amended Counterclaim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 20

Please describe in specific detail each and every factual circumstance upon which Mirabeau relies when asserting that Randall-Morgan's Counter Claim is time barred, and as more particularly alleged in paragraph numbered 36 of your Second Amended Answer to First Amended Counterclaim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 21

Please describe in specific detail each and every factual circumstance upon which Mirabeau relies when asserting that Randall-Morgan's Counter Claim is barred due to its failure to avail itself of and/or exhaust administrative and/or contractual remedies, and as more particularly alleged in

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 12

paragraph numbered 37 of their Partner's Amended Answer to First Amended Counter-Claim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 22

Please describe in specific detail each and every factual circumstance upon which Mirabeau relies when asserting that Randall-Morgan's Counter Claim is barred in whole or in part because it failed to maintain contractually required records in support thereof, and as more particularly alleged in paragraph numbered 38 of their Amended Answer to First Amended Counter-Claim and provide the full name and municipal home and business addresses and respective phone numbers of each person who you claim will testify to support the foregoing assertion.

INTERROGATORY NO. 23

Describe your understanding of the work performed and/or materials included under the budget line item "Dry wall."

INTERROGATORY NO. 24

Explain in specific detail those reasons why there has been no closing on and/or transfer of title of the property of the Project despite the removal of the lien Randall-Morgan had previously filed in October of 1999.

INTERROGATORY NO. 25

State the date this Project was completed and/or if it was not completed, state the first and

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 13

last date Barron Builders and Management Company Inc. performed work on the Project.

INTERROGATORY NO. 26

Describe any and all audits that were actually performed or attempted to be performed of

Randall-Morgan's work including but not limited to the name, municipal address and telephone

number of each person who was to perform or did perform such audit, the Party who directed that

such audit be performed, the findings of each audit, the reason why such audit was not performed, a

description of the audit process utilized, and the date of such audit.

INTERROGATORY NO. 27

State the name and municipal address of the person designated as the "Federal Housing

Commissioner" in the MFLC Contract.

INTERROGATORY NO. 28

Explain in detail the reason the Project was not completed by May 13, 1998 and describe

any and all verbal and/or written extensions of time provided and/or authorized by the Parties, or

their representative.

INTERROGATORY NO. 29

Describe the meeting that occurred on or about February 12, 1999 with all or some of the

Parties and Randall-Morgan and the Architect including but not limited to the names of the persons

present, the reason such meeting was called, the topics that were discussed, and the plans or

resolutions determined.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 14

## INTERROGATORY NO. 30

Describe any and all payments you made to any and all subcontractors including but not limited to the name and municipal address of each subcontractor, a description of the work performed by each subcontractor and whether that work was within the scope of the work to be performed under the original MFLC Contract, the date(s) that such work was performed and payments were made.

## INTERROGATORY NO. 31

Describe your relationship with Leo Massey including but not limited to your understanding of his authority to act on Fannie Mae's behalf and the actions he performed related to the Project.

Respectfully submitted,

David J. Halpern, (Bar No. 6452)
Bruce M. Danner (Bar No. 4496)
Jill A. Gautreaux (Bar No. 23750)
Maryann G. Hoskins (Bar No. 20869)
Zara Zeringue (Bar No. 22901)

Halpern, Danner, Martin &Miles, L.L.C.
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705

Attorneys for Defendant, Randall-Morgan
Construction, Inc.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 15

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by facsimile and by placing a copy of the same in the United States Mails, to each properly addressed and postage pre-paid on this 14th day of _____May_____ , 2001.

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Interrogatories to Mirabeau
Page - 16

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA | * | CIVIL ACTION NO. 00-0379 |
| PARTNERSHIP IN COMMENDAM | * | |
| | * | SECTION "J" |
| Versus | * | |
| | * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION | * | |
| COMPANY, INC. | * | |

## **ORDER**

Considering the foregoing *Motion and Incorporated Memorandum for Leave to Propound More than Twenty-Five Interrogatories Upon Mirabeau,*

**IT IS ORDERED BY THE COURT** that this Motion be and is hereby granted and that Defendant, Randall-Morgan Construction Company, Inc., is permitted to propound in excess of twenty-five Interrogatories upon Mirabeau Family Learning Center, Inc. as set forth in mover's Exhibit 1 attached to the motion.

**NEW ORLEANS, LOUISIANA** this _____ day of _____, 2001.

_____

U.S. MAGISTRATE JUDGE

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to Propound More than
Twenty-five Interrogatories upon Mirabeau
Page - 8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA | * | CIVIL ACTION NO. 00-0379 |
| PARTNERSHIP IN COMMENDAM | * | |
| | * | SECTION "J" |
| Versus | * | |
| | * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION | * | |
| COMPANY, INC. | * | |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a Motion for Leave to Propound More than Twenty-Five

Interrogatories upon Mirabeau Family Learning Center, Inc. has been filed on behalf of Randall-

Morgan Construction Co., Inc.

**NOTICE IS HEREBY GIVEN** that objection to said motion MUST be filed with the Court

and a copy served on counsel no later than May _____, 2001.

**NOTICE IS FURTHER GIVEN** that a hearing will be conducted before the United

States District Court for the Eastern District of Louisiana, Magistrate 1, the Honorable Sally

Shushan, 501 Magazine Street, New Orleans, Louisiana, on the _____ day of May, 2001 at

10:00 a.m. to consider and rule on said motion and any objections filed.

**NEW ORLEANS, LOUISIANA** this _____ day of May, 2001.

_____
U.S. MAGISTRATE J U D G E