

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | CIVIL ACTION NO. 00-0379 |
| versus | SECTION "J" |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | MAG. "1" |

### FANNIE MAE'S ANSWER TO SECOND AMENDED COUNTERCLAIM

NOW INTO COURT, through undersigned counsel, comes the Federal National Mortgage Association ("Fannie Mae"), and files this Amended Answer to the Second Amended Counterclaim of Randall-Morgan Construction Company, Inc. All allegations of the Counterclaim are denied except as specifically admitted herein.

GAMD-NO:120273-1

1.

With respect to the allegations of Paragraph 1, it is admitted that Fannie Mae is a foreign corporation domiciled in Washington, D.C. The remaining allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 2 are denied as the contract itself is the best evidence of its contents.

3.

The allegations of Paragraph 3 are denied as the contract itself is the best evidence of its contents.

4.

With respect to the allegations of Paragraph 4, it is admitted that MFLC obtained a loan from Highland Mortgage Company of Alabama and that the loan was insured by the United States Department of Housing and Urban Development ("HUD"). The remaining allegations of Paragraph 4 are denied as the contract itself is the best evidence of its contents.

4a.

With respect to the allegations of Paragraph 4a, it is admitted that MFLC, Randall-Morgan and Highland executed a

Completion Assurance Agreement. The remaining allegations of Paragraph 4a are denied as the Agreement itself is the best evidence of its contents.

4b.

The allegations of Paragraph 4b are denied as the Agreement itself is the best evidence of its contents.

5.

With respect to the allegations of Paragraph 5, it is admitted that Fannie Mae provided some funding to MFLC for the Project. It is denied that there were "portions of the Project not specifically detailed in the Contract."

6.

With respect to the allegations of Paragraph 6, it is admitted that there was an agreement between Randall-Morgan and Mirabeau Family Learning Center, Inc.; the remaining allegations of Paragraph 6 are denied as the agreement itself is the best evidence of its contents.

7.

The allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied.

10.

The allegations of Paragraph 10 are denied.

11.

With respect to the allegations of Paragraph 11, it is admitted that Fannie Mae sent an individual to the Project site to inspect the progress of the work. The remaining allegations of Paragraph 11 are denied.

12.

The allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 are denied.

14.

The allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied.

16.

With respect to the allegations of Paragraph 16, it is denied that Randall Morgan received any payments from Fannie Mae. The remaining allegations of Paragraph 16 are denied for lack of information sufficient to justify a belief therein.

17.

The allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 are denied.

24.

The allegations of Paragraph 24 are denied.

25.

The allegations of Paragraph 25 are denied.

26.

The allegations of Paragraph 26 are denied.

27.

The allegations of Paragraph 27 are denied.

28.

With respect to the allegations of Paragraph 28, it is admitted that in a letter of March 21, 2001, MFLC requested that Highland obtain approval of HUD to draw down the Letter of Credit; the remaining allegations of Paragraph 28 are denied.

29.

With respect to the allegations of Paragraph 29, it is admitted that it is admitted that MFLC is owed $38,752.00 for the costs of repairing Randall-Morgan's defective workmanship on the Project.

30.

With respect to the allegations of Paragraph 30, it is denied that MFLC is expected to receive a portion of these funds, namely $38,752.00. The remaining allegations of Paragraph 30 are admitted.

31.

The allegations of Paragraph 31 are denied.

32.

The allegations of Paragraph 32 are denied.

33.

The allegations of Paragraph 33 require no response by Fannie Mae; however, out of an abundance of caution, should a

response by Fannie Mae be deemed necessary, the allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

### 34.

The allegations of Paragraph 34 are denied.

### 35.

The allegations of Paragraph 35 are denied.

### 36.

The allegations of Paragraph 36 do not require an answer from Fannie Mae; however, out of an abundance of caution, should an answer be deemed necessary, the allegations of Paragraph 36 are denied.

### 37.

The allegations of Paragraph 37 do not require an answer from Fannie Mae; however, out of an abundance of caution, should an answer be deemed necessary, the allegations of Paragraph 37 are denied.

AND NOW, FURTHER ANSWERING, Fannie Mae interposes the following defenses and affirmative defenses:

38.

Randall-Morgan's counterclaim is barred because of Randall-Morgan's failure to take reasonable steps to attempt to cover or mitigate its alleged loss.

39.

Randall-Morgan's counterclaim is barred in whole or in part by virtue of accord and satisfaction.

40.

Randall-Morgan's counterclaim is barred in whole or in part by estoppel arising from documents it executed and/or representations made regarding the status of the project and the payment of various subcontractors.

41.

Randall-Morgan's counterclaim is barred in whole or in part by payment in whole or in part, and/or by Randall-Morgan having accepted a dation en paiement.

42.

Randall-Morgan's counterclaim is barred because of a release or releases on the part of Randall-Morgan.

43.

Randall-Morgan's counterclaim is barred by a waiver or waivers on the part of Randall-Morgan.

44.

Randall-Morgan's counterclaim is barred as against Fannie Mae because any alleged injury or damages suffered by Randall-Morgan were proximately caused by actions or failures to act by persons other than Fannie Mae; in particular, as a federal instrumentality, Fannie Mae cannot be held liable for the misrepresentations of its agents or independent contractors beyond the scope of their authority.

45.

Randall-Morgan's counterclaim is barred as against Fannie Mae because Fannie Mae is a limited partner of MFLC. Thus, Fannie Mae's liability for the obligations of the partnership is limited to Fannie Mae's agreed contribution to the partnership, and Fannie Mae has no liability for the debts or liabilities of the partnership to persons who transact business with the partnership.

46.

Randall-Morgan's counterclaim is barred as against Fannie Mae because Fannie Mae is entitled to discussion of the assets of MFLC Partners, of which Fannie Mae is a limited partner.

47.

Randall-Morgan's counterclaim is time-barred by operation of law and/or pursuant to the limitations period fixed in Randall-Morgan's contract for the Filmore Parc project.

48.

Randall-Morgan's counterclaim is barred by Randall-Morgan's failure to avail itself of and/or exhaust administrative and/or contractual remedies.

49.

Randall-Morgan's counterclaim is barred in whole or in part because Randall-Morgan failed to maintain contractually required records in support thereof.

WHEREFORE, Counter defendant Fannie Mae prays that this Answer to the Second Amended Counterclaim of Randall-Morgan be deemed good and sufficient and that after due proceedings had, there be judgment in Fannie Mae's favor, dismissing the Second Amended Counterclaim of Randall-Morgan at its sole cost and for attorneys' fees and for all other general and equitable relief.

Respectfully submitted,

A. GREGORY GRIMSAL (#6332)
MARCY V. MASSENGALE (#22512)
JENNIFER K. CONRAD (#26241)
GORDON, ARATA, McCOLLAM,
   DUPLANTIS & EAGAN, L.L.P
201 St. Charles Ave. 40th Floor
New Orleans, Louisiana 70170-4000
Phone:(504) 582-1111; Fax: 582-1121

By: _____
    A. Gregory Grimsal
    Bar Roll No. 6332

Attorneys for Federal National Mortgage Association


### C E R T I F I C A T E

I hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record by placing a signed copy thereof in the United States mail, postage prepaid, on this 16th day of July, 2001.

_____
A. Gregory Grimsal (#6332)