FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 AUG 10  PM 4: 26
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | CIVIL ACTION NO. 00-0379 |
| VERSUS | SECTION "J" |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | MAG. "1" |

## JOINT MOTION FOR EXTENSION OF DEADLINE TO CONDUCT MEDIATION AND FOR CONTINUANCE OF PRE-TRIAL CONFERENCE AND TRIAL

Plaintiff and counterclaim defendant, MFLC Partners ("MFLC"); defendant, counterclaimant and third party claimant, Randall-Morgan Construction Company, Inc. ("Randall-Morgan"); and third party defendants, Mirabeau Family Learning Center, Inc. ("Mirabeau"), Federal National Mortgage Association ("Fannie Mae"), and Michael R. Vales ("Vales"), respectfully join in moving this Court to extend the deadline for conducting mediation and to continue the pre-trial conference currently scheduled for September 20, 2001 and the trial currently scheduled to commence on October 15, 2001.  In support of this motion, the movers would show:

I.

This case involves construction litigation among multiple parties with numerous claims, counterclaims, and third party



claims arising out of a contract to renovate and rehabilitate 108 units in the Filmore Parc apartment complex.

II.

At the time this Court originally scheduled this matter for trial, the parties agreed to participate in mediation in an effort to reach an amicable resolution of this dispute. Pursuant to a scheduling order submitted by the parties, that mediation was to take place on or before August 10, 2001.

III.

Since the scheduling of the trial in this matter and the submission of the scheduling order setting a deadline for completing mediation, MFLC, Mirabeau, and Vales substituted new counsel of record.

IV.

In an effort to save litigation costs and to maximize the funds available to satisfy settlement, the parties have kept the discovery conducted prior to the mediation to a minimum and delayed the remaining discovery that would be necessary to prepare for trial in the event mediation is unsuccessful.

V.

The parties have been diligent in conducting the pre-mediation discovery. They have completed an extensive wave of written discovery and conducted discovery by way of deposition.

VI.

Acting in all due diligence, the parties also completed an extensive selection process to identify and retain a skilled and knowledgeable mediator acceptable to all parties.

VII.

Because of the rather full schedules of all counsel involved, the mediator, and the party representatives who will be attending mediation, the earliest date available for conducting the mediation is August 28, 2001.

VIII.

Accordingly, movers respectfully request that the deadline for completing mediation be reset for August 31, 2001.

IX.

Counsel for third party defendant Highland Mortgage Company of Alabama, Inc. ("Highland") has been contacted and has stated Highland has no objection to the requested rescheduling of the deadline for conducting mediation.

X.

Because the trial date is rapidly approaching, and out of an abundance of caution, undersigned counsel have discussed and attempted to schedule the discovery that would be necessary in the event mediation is unsuccessful.

XI.

As a result of those discussions and through an examination of the trial calendars of all counsel, it has become apparent movers will be unable to comply with the current scheduling orders and prepare for the trial on its currently scheduled date in the event mediation is unsuccessful.

XII.

By order dated June 28, 2001, this Court permitted Randall-Morgan to file an amended counterclaim to add a new party, Highland.

XIII.

On or about August 6, 2001, Highland filed its responsive pleadings, making its first appearance in the captioned matter.

XIV.

Highland has filed a motion to dismiss Randall-Morgan's claims against Highland on the grounds Highland does not have sufficient time to complete its own discovery and trial preparations in time for the current trial date of October 15, 2001.

XV.

Although all parties agree the time remaining before trial is insufficient to complete discovery and trial preparations, Highland has refused to consent to a continuance of the pretrial conference and trial date because such a continuance would

eliminate its grounds for a dismissal of Randall-Morgan's claims against it.

XVI.

For all of the above reasons, movers respectfully request that the pre-trial conference and trial currently scheduled be continued, and that the Court schedule a conference for the purpose of selecting a new trial date.

Respectfully submitted,

*[signature]*

Pierre V. Miller II (#17712)(TA)
Andrew P. Burnside (#14116)
Patrick, Miller, Burnside, &
  Belleau, L.L.C.
400 Poydras Street, Suite 1680
New Orleans, Louisiana 70130
Telephone:  (504) 527-5400
Facsimile:  (504) 527-5456
Attorneys for Michael Vales,
  Mirabeau Family Learning Center,
  Inc., and MFLC Partners

*[signature]*

A. Gregory Grimsal (#6332) *by PVM*
Marcy V. Massengale (#22512)
Jennifer K. Conrad (#26241)
Gordon, Arata, McCollam,
  Duplantis & Eagan, L.L.P.
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana  70170
Telephone:  (504) 582-1111
Facsimile:  (504) 582-1121
Attorneys for Federal National
  Mortgage Association

_Bruce M. Danner_
David J. Halpern (#6452) _by PVM_
Bruce M. Danner (#4496)
Jill A. Gautreaux (#23750)
Maryann G. Hoskins (#20869)
Zara Zeringue (#22901)
Halpern, Danner, Martin & Miles
3900 North Causeway Blvd., Ste. 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705
Facsimile: (504) 831-2609
Attorneys for Randall-Morgan
   Construction Company, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by United States mail, postage prepaid and properly addressed, this 10th day of August, 2001.

_Pierre V. Miller_
**PIERRE V. MILLER II**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | CIVIL ACTION NO. 00-0379 |
| VERSUS | SECTION "J" |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | MAG. "1" |

### MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF DEADLINE TO CONDUCT MEDIATION AND FOR CONTINUANCE OF PRE-TRIAL CONFERENCE AND TRIAL

Plaintiff and counterclaim defendant, MFLC Partners ("MFLC"); defendant, counterclaimant and third party claimant, Randall-Morgan Construction Company, Inc. ("Randall-Morgan"); and third party defendants, Mirabeau Family Learning Center, Inc. ("Mirabeau"), Federal National Mortgage Association ("Fannie Mae"), and Michael R. Vales ("Vales"), have moved for an extension of the deadline for conducting mediation and for a continuance of the pre-trial conference and trial currently scheduled for September 20, 2001 and October 15, 2001, respectively. The remaining party, third party defendant Highland Mortgage Company of Alabama, Inc. ("Highland") has no objection to the extension of the deadline for conducting mediation, but has refused to consent to a continuance of the pre-trial conference and trial. This Court should grant a continuance for the reasons discussed below.

This suit is an action initiated by MFLC, the owner of the Filmore Parc, against a general contractor, Randall-Morgan, to obtain cancellation of a lien filed by Randall-Morgan and for damages resulting from that filing. Randall-Morgan, in turn, filed a counterclaim against MFLC, its general partner Mirabeau, Mirabeau's executive director Vales, and the partnership's limited partner Fannie Mae for sums allegedly due Randall-Morgan for construction it performed under a construction contract to rehabilitate and renovate 108 units in the Filmore Parc complex. In turn, MFLC has filed claims for damages against Randall-Morgan arising out of its alleged failure to complete the construction contract in a workmanlike and timely manner and other contract violations.

To guarantee its performance of the construction contract, Randall-Morgan posted a irrevocable letter of credit. During the course of this litigation in April, 2001, the lender, Highland, drew down on Randall-Morgan's letter of credit on behalf of Highland and MFLC to pay a portion of the damages allegedly caused by Randall-Morgan.

On June 26, 2001, Randall-Morgan filed a Second Amended Counterclaim adding Highland as a third-party defendant and asserting claims arising out of the draw down on Randall-Morgan's letter of credit. On or about August 6, 2001, Highland made its first appearance in this matter, filing a motion to

2

dismiss Randall-Morgan's claims on the grounds that Highland does not have sufficient time to complete its discovery and trial preparations in time for the current trial date of October 15, 2001.

With the approval of the Court, the parties have agreed to participate in mediation in an attempt to reach an amicable resolution of this complicated dispute. According to a scheduling order previously submitted by the parties, mediation must be completed by August 10, 2001. To that end, the parties have completed all pre-mediation discovery, with the exception of a limited amount of supplemental responses to written discovery. The parties have also completed a selection process to identify and retain a skilled and knowledgeable mediator acceptable to all parties. Movers expect the mediator, all counsel, and representatives of each party will participate in the mediation. Coordination of the schedules of all of these individuals has proven unforeseeably difficult. The earliest date available for conducting a mediation is August 28, 2001. Mediation is currently scheduled for that entire day.

In an effort to minimize pre-mediation litigation costs that might otherwise be directed towards settlement, the parties have limited their pre-mediation discovery to that necessary to maximize the chances of a successful mediation. By consensus of

the parties, all remaining discovery will be taken only in the event mediation proves unsuccessful.

Out of an abundance of caution, counsel for the movers have attempted to schedule dates for the discovery that will remain in the event the mediation proves unsuccessful. As a result of those efforts, counsel for movers have determined the parties will be unable to complete discovery in time for trial because of the demanding and full trial schedule of the various counsel during September, 2001. All parties, with the exception of Highland, have now joined in a motion seeking a continuance of the trial to provide the additional time necessary to complete pre-trial discovery.

Highland opposes the granting of a continuance, but Highland agrees the time remaining before trial is insufficient to complete pre-trial discovery and other trial preparations. In fact, that insufficiency forms the basis of Highland's pending motion to dismiss Randall-Morgan's claims against it. Highland opposes the granting of a continuance only to maintain its grounds for dismissal.

In considering a motion for continuance, the trial court is free to exercise its discretion. <u>Ruiz v. Hamburg-Amercian Line</u>, 478 F.2d 29 (9th Cir. 1973). The trial court should grant the requested continuance here, where good cause exists. As all parties agree, the insufficient time remains to prepare the case

4

for trial, despite the diligent efforts of all counsel to pursue discovery and pre-trial preparations. This is NOT a case where the parties have created a shortage of time by delaying discovery. The granting of a continuance will satisfy the concerns of not only the movers, but also Highland because it will provide the time all parties recognize they need to prepare for trial.

A continuance should be granted for the additional reason that it will permit the Court to bring all claims and all parties together in a single proceeding. In opposing a continuance, Highland asserts the court should carve out Randall-Morgan's third-party claims against Highland and require them to be tried in a separate suit. Such an action would undoubtedly involve not only Highland and Randall-Morgan, but the other parties to the above-captioned action as well. The inefficiencies and wastes of judicial economy can be avoided simply by granting the continuance and allowing the additional time to prepare for trial required by all parties, including Highland.

### CONCLUSION

Movers' request for an extension of the deadline to complete the mediation should be granted as unopposed. Movers' request for a continuance of the trial because a continuance

satisfies the concerns raised by all of the parties to the captioned litigation.

                      Respectfully submitted,

                      */s/ Pierre V. Miller*
                      Pierre V. Miller II (#17712)(TA)
                      Andrew P. Burnside (#14116)
                      Patrick, Miller, Burnside, &
                          Belleau, L.L.C.
                      400 Poydras Street, Suite 1680
                      New Orleans, Louisiana 70130
                      Telephone:  (504) 527-5400
                      Facsimile:  (504) 527-5456
                      Attorneys for Michael Vales,
                          Mirabeau Family Learning Center,
                          Inc., and MFLC Partners

                      */s/ A. Gregory Grimsal*
                      A. Gregory Grimsal (#6332) by PVM
                      Marcy V. Massengale (#22512)
                      Jennifer K. Conrad (#26241)
                      Gordon, Arata, McCollam,
                          Duplantis & Eagan, L.L.P.
                      201 St. Charles Avenue, 40th Floor
                      New Orleans, Louisiana  70170
                      Telephone:  (504) 582-1111
                      Facsimile:  (504) 582-1121
                      Attorneys for Federal National
                          Mortgage Association

                      */s/ Bruce M. Danner*
                      David J. Halpern (#6452) by PVM
                      Bruce M. Danner (#4496)
                      Jill A. Gautreaux (#23750)
                      Maryann G. Hoskins (#20869)
                      Zara Zeringue (#22901)
                      Halpern, Danner, Martin & Miles
                      3900 North Causeway Blvd., Ste. 605
                      Metairie, Louisiana 70002
                      Telephone:  (504) 835-6705
                      Facsimile:  (504) 831-2609
                      Attorneys for Randall-Morgan
                          Construction Company, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by United States mail, postage prepaid and properly addressed, this 10th day of August, 2001.

PIERRE V. MILLER II

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | CIVIL ACTION NO. 00-0379 |
| VERSUS | SECTION "J" |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | MAG. "1" |

---

**TO:** Highland Mortgage Company of Alabama
Through its attorney of record
Gary J. Elkins
Elkins, P.L.C.
201 St. Charles Avenue, Suite 4400
New Orleans, Louisiana 70170

### NOTICE OF HEARING

PLEASE TAKE NOTICE that plaintiff and counterclaim defendant, MFLC Partners; defendant, counterclaimant and third party claimant, Randall-Morgan Construction Company, Inc.; and third party defendants, Mirabeau Family Learning Center, Inc., Federal National Mortgage Association, and Michael R. Vales will bring their Joint Motion for Extension of Deadline to Conduct Mediation and for Continuance of Pre-Trial Conference and Trial on for

hearing before the Honorable Carl J. Barbier, on the 29TH day of August, 2001 at 9:30 o'clock a.m.

                                  Respectfully submitted,

                                  /s/ Pierre V. Miller
                                  Pierre V. Miller II (#17712)(TA)
                                  Andrew P. Burnside (#14116)
                                  Patrick, Miller, Burnside, &
                                      Belleau, L.L.C.
                                  400 Poydras Street, Suite 1680
                                  New Orleans, Louisiana 70130
                                  Telephone:  (504) 527-5400
                                  Facsimile:  (504) 527-5456
                                  Attorneys for Michael Vales,
                                    Mirabeau Family Learning Center,
                                    Inc., and MFLC Partners

                                /s/ A. Gregory Grimsal
                                A. Gregory Grimsal (#6332)  by PVM
                                Marcy V. Massengale (#22512)
                                Jennifer K. Conrad (#26241)
                                Gordon, Arata, McCollam,
                                  Duplantis & Eagan, L.L.P.
                                201 St. Charles Avenue, 40th Floor
                                New Orleans, Louisiana  70170
                                Telephone:  (504) 582-1111
                                Facsimile:  (504) 582-1121
                                Attorneys for Federal National
                                  Mortgage Association

                                /s/ Bruce M. Danner
                                David J. Halpern (#6452)  by PVM
                                Bruce M. Danner (#4496)
                                Jill A. Gautreaux (#23750)
                                Maryann G. Hoskins (#20869)
                                Zara Zeringue (#22901)
                                Halpern, Danner, Martin & Miles
                                3900 North Causeway Blvd., Ste. 605
                                Metairie, Louisiana 70002
                                Telephone:  (504) 835-6705
                                Facsimile:  (504) 831-2609
                                Attorneys for Randall-Morgan
                                Construction Company, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by United States mail, postage prepaid and properly addressed, this 10th day of August, 2001.

_____
**PIERRE V. MILLER II**

3