

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| | * | SECTION "J" |
| Versus | * * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | * * | |

## OPPOSITION TO MOTION TO DISMISS

**NOW INTO COURT,** through undersigned counsel, comes defendant and counter-plaintiff, Randall-Morgan Construction, Inc., (Randall-Morgan), who opposes the motion to dismiss filed on behalf of counter-defendant Highland Mortgage Company of Alabama (Highland) for the reason that the motion is without legal merit whatsoever and for the reasons more fully set forth in the memorandum of law attached hereto as if copied herein *in extenso*.

WHEREFORE, defendant and counter plaintiff, Randall-Morgan, prays that Highland's motion to dismiss be denied.

1



Respectfully submitted,

*[signature]*

David J. Halpern, (Bar No. 6452)
Jill A. Gautreaux (Bar No. 23750)
Maryann G. Hoskins (Bar No. 20869)
Zara Zeringue (Bar No. 22901)
Halpern, Danner, Martin &Miles, L.L.C.
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705

Attorneys for Defendant, Randall-Morgan Construction, Inc.

### Certificate of Service

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record, by facsimile and by placing same in the United States mail, properly addressed and postage prepaid on August 15, 2001.

*[signature]*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA<br>PARTNERSHIP IN COMMENDAM | \*<br>\*<br>\* | CIVIL ACTION NO. 00-0379<br><br>SECTION "J" |
| Versus | \* | |
| | \* | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION<br>COMPANY, INC. | \*<br>\* | |

∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎

### MEMORANDUM IN OPPOSITION TO
### MOTION TO DISMISS FILED ON BEHALF OF
### HIGHLAND MORTGAGE COMPANY OF ALABAMA

**MAY IT PLEASE THE COURT:**

Defendant and counter-plaintiff, Randall-Morgan Construction, Inc., (Randall-Morgan), opposes the motion to dismiss filed on behalf of counter-defendant, Highland Mortgage Company of Alabama, (Highland), for the following reasons to wit:

**I. FACTUAL BACKGROUND**

Defendant and counter plaintiff, Randall-Morgan, entered into an agreement with Mirabeau Family Learning Center, Inc., (Mirabeau), to renovate Filmore Apartment Complex on November 13, 1997. The renovation was to be funded in part through Fannie Mae. To achieve federal funding and complete the project, MFLC Partners, (MFLC), was created and made up of Mirabeau, Randall-

1

Morgan and Fannie Mae. Randall-Morgan is a 1/10th owner of the Filmore Apartment Complex. Mirabeau is also a 1/10th owner. Fannie Mae owns 99.98% of the Filmore Apartment Complex. A HUD construction contract was entered into between Randall-Morgan and MFLC to perform the construction work on the apartments. A separate agreement was also entered into between Mirabeau and Randall-Morgan to provide for payment for the construction that was not part of the HUD form.

To fund the project, MFLC obtained a loan from Highland, which was guaranteed by the United States Department of Housing and Urban Development ("HUD"). In conjunction with the Contract, MFLC, Randall-Morgan and Highland executed an agreement on an FHA form, also known as the Completion Assurance Agreement, establishing a Letter of Credit in the approximate amount of $252,000.00. The Completion Assurance Agreement sets forth the limited circumstances and order by which Highland may disburse the funds.

Randall-Morgan voluntarily left the Project in February of 1999 at the request of MFLC and/or Michael Vales and upon an agreement among all Parties that Randall-Morgan would be paid all monies presently due to it for performance of work under the Contract.

After MFLC refused to pay Randall-Morgan monies owed for work performed on the Project, Randall-Morgan filed a lien against the property. Then, MFLC filed a petition against defendant, Randall-Morgan, in Civil District Court for the Parish of Orleans on September 3, 1999, No. 99-14082, Division B seeking damages for the alleged wrongful filing of a mechanic's lien. On January 25, 2000, Randall-Morgan filed a reconventional demand seeking monies due

for work performed on the Project adding Mirabeau, Michael Vales (Vales), and Fannie Mae as counter defendants.

In a letter of March 21, 2001, MFLC requested that Highland obtain approval of HUD to draw down the Letter of Credit to cover items of *alleged* damage *allegedly* caused by Randall-Morgan's failure to complete the project in a timely manner. In addition, MFLC alleged that it was due $38,752.00 for the costs of repairing items of *alleged* defective workmanship on the Project.

By letter of April 30, 2001, HUD authorized Highland to draw down $155,094.48 from the Letter of Credit.[1] Highland has indeed drawn down such amount. MFLC is expected to receive a portion of these funds, namely $38,752.00.

The release of these funds was not authorized nor properly disbursed. MFLC and/or Highland are in violation of the contract and/or agreement. Further, Highland as custodian of this trust account has breached its fiduciary duties.

Randall-Morgan has incurred damages as a result of MFLC and Highland's actions for which it is entitled to recover the monies drawn from the Letter of Credit, namely $155,094.48, and for any

---

[1] The project was completed in the fall of 1999. Yet, MFLC, Highland, Mirabeau, Vales, and Fannie Mae failed to close on the property and have yet to close on the property to secure a permanent mortgage lender thereby incurring excessive loan extension fees in the approximate amount of $116,342.48.

3

other monies that may be improperly drawn between now and the time of trial.

Randall-Morgan now has a cause of action against Highland. Randall-Morgan has added Highland as a counter-defendant upon leave by this Honorable Court.

## II. LAW AND ARGUMENT

Highland moves for a dismissal on three non-legal grounds:

   A. The trial date is too close and therefore, prejudicial to Highland,

   B. Randall-Morgan's claims can be pursued in State court; and

   C. The claims are contingent upon other pending claims and thus, if those underlying claims are resolved, Highland will not be pursued.

These grounds are not sufficient basis for this Honorable Court to dismiss Highland from this action. First, procedurally and overall, Highland's motion is not a proper motion brought forth under Federal Rule of Civil Procedure, Rule 12. Highland's basis for raising this "no-name" motion for dismissal is tenuous. Further, as follows, the basis for the dismissal is not grounded in fact or law.

### A. Highland claims that the trial date is too close.

This case has been placed on the trial calendar and is set for trial for October 15, 2001. Mediation was scheduled to occur before August 10, 2001. However, counsel for all parties, except Highland, have submitted a Joint Motion for Extension of Deadline to Conduct Mediation and for Continuance of Pre-trial Conference and Trial. (Exhibit 1). This Joint Motion seeks to extend the deadline for the parties to participate in mediation until August 31, 2001 and to

4

continue the currently scheduled pre-trial conference and trial to a new date to be selected by this Honorable Court.

Ironically, Highland has refused to join the Joint Motion and wants the trial date to remain even though it complains that such a close trial date is prejudicial to it. Highland has placed itself in a difficult position. Highland refuses to consent to a continuance because such a continuance would eliminate its grounds for a dismissal of Randall-Morgan's claims against it.

Additionally, Highland's claim that its right to adequately discover the claims brought against it by Randall-Morgan will likely be prejudiced due to the imminent trial date is unfounded. The parties have attempted to minimize the discovery conducted prior to the mediation in an effort to bring as much money as possible to the mediation for settlement purposes. Therefore, a minimal amount of discovery has been conducted and Highland has not been placed in a prejudiced position by being brought into the action at this time. Randall-Morgan's claim against Highland only became apparent to Randall-Morgan in May of 2001.

B. **Highland claims that Randall-Morgan's claims can be pursued in State court.**

Although, admittedly, Randall-Morgan's claims against Highland may be pursued in State court, it would be unduly burdensome for Randall-Morgan to pursue such recovery when the facts and circumstances of its claims are so closely associated with its claims against MFLC, Mirabeau, Vales and Fannie Mae. Judicial economy, fairness, and convenience dictate that Randall-Morgan be able to pursue its claim against Highland in this Honorable Court. Carnegie-

5

Mellon University v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988); Cinel v. Connick, 15 F.3d 1338 (5th Cir. 1994) (the principals of judicial economy and fairness weigh heavily in favor of the district courts disposal of the pendent claims on the merits).

To force Randall-Morgan to have two separate litigations would be prejudicial to Randall-Morgan. Temple v. Synthes Corp. Ltd., 498 U.S. 5, 7, 111 S.Ct. 315, 316, 112, L.Ed.2d 263 (1990).

> **C. Highland argues that Randall-Morgan's claims against it are contingent upon other pending claims and thus, if those underlying claims are resolved, Highland will not be pursued.**

This is not necessarily the case. Highland's actions have caused damage to Randall-Morgan whether Randall-Morgan is successful against the other parties or not. There is serious concern whether a judgment against any of the parties, other than Fannie Mae, would be collectible. Randall-Morgan's loss has just increased by Highland's wrongful and unauthorized actions.

## IV. CONCLUSION

In Conclusion, defendant and counter plaintiff, Randall-Morgan, prays that Highland's motion to dismiss be denied. Highland will have the opportunity to participate in discovery that has been held at bay pending the outcome of a mediation scheduled for August 28, 2001. Also, there is presently pending a Joint Motion to Continue the Pre-trial Conference and Trial scheduled to be heard, due to Highland's opposition, on the same day as this motion, August 29, 2001.

Respectfully submitted,

*[signature]*

David J. Halpern, (Bar No. 6452)
Jill A. Gautreaux (Bar No. 23750)
Maryann G. Hoskins (Bar No. 20869)
Zara Zeringue (Bar No. 22901)
Halpern, Danner, Martin &Miles, L.L.C.
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705

Attorneys for Defendant, Randall-Morgan Construction, Inc.

### Certificate of Service

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record, by facsimile and by placing same in the United States mail, properly addressed and postage prepaid on August 15, 2001.

*[signature]*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | CIVIL ACTION NO. 00-0379 |
| VERSUS | SECTION "J" |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | MAG. "1" |

### JOINT MOTION FOR EXTENSION OF DEADLINE TO CONDUCT MEDIATION AND FOR CONTINUANCE OF PRE-TRIAL CONFERENCE AND TRIAL

Plaintiff and counterclaim defendant, MFLC Partners ("MFLC"); defendant, counterclaimant and third party claimant, Randall-Morgan Construction Company, Inc. ("Randall-Morgan"); and third party defendants, Mirabeau Family Learning Center, Inc. ("Mirabeau"), Federal National Mortgage Association ("Fannie Mae"), and Michael R. Vales ("Vales"), respectfully join in moving this Court to extend the deadline for conducting mediation and to continue the pre-trial conference currently scheduled for September 20, 2001 and the trial currently scheduled to commence on October 15, 2001. In support of this motion, the movers would show:

I.

This case involves construction litigation among multiple parties with numerous claims, counterclaims, and third party



claims arising out of a contract to renovate and rehabilitate 108 units in the Filmore Parc apartment complex.

II.

At the time this Court originally scheduled this matter for trial, the parties agreed to participate in mediation in an effort to reach an amicable resolution of this dispute. Pursuant to a scheduling order submitted by the parties, that mediation was to take place on or before August 10, 2001.

III.

Since the scheduling of the trial in this matter and the submission of the scheduling order setting a deadline for completing mediation, MFLC, Mirabeau, and Vales substituted new counsel of record.

IV.

In an effort to save litigation costs and to maximize the funds available to satisfy settlement, the parties have kept the discovery conducted prior to the mediation to a minimum and delayed the remaining discovery that would be necessary to prepare for trial in the event mediation is unsuccessful.

V.

The parties have been diligent in conducting the pre-mediation discovery. They have completed an extensive wave of written discovery and conducted discovery by way of deposition.

2

VI.

Acting in all due diligence, the parties also completed an extensive selection process to identify and retain a skilled and knowledgeable mediator acceptable to all parties.

VII.

Because of the rather full schedules of all counsel involved, the mediator, and the party representatives who will be attending mediation, the earliest date available for conducting the mediation is August 28, 2001.

VIII.

Accordingly, movers respectfully request that the deadline for completing mediation be reset for August 31, 2001.

IX.

Counsel for third party defendant Highland Mortgage Company of Alabama, Inc. ("Highland") has been contacted and has stated Highland has no objection to the requested rescheduling of the deadline for conducting mediation.

X.

Because the trial date is rapidly approaching, and out of an abundance of caution, undersigned counsel have discussed and attempted to schedule the discovery that would be necessary in the event mediation is unsuccessful.

XI.

As a result of those discussions and through an examination of the trial calendars of all counsel, it has become apparent movers will be unable to comply with the current scheduling orders and prepare for the trial on its currently scheduled date in the event mediation is unsuccessful.

XII.

By order dated June 28, 2001, this Court permitted Randall-Morgan to file an amended counterclaim to add a new party, Highland.

XIII.

On or about August 6, 2001, Highland filed its responsive pleadings, making its first appearance in the captioned matter.

XIV.

Highland has filed a motion to dismiss Randall-Morgan's claims against Highland on the grounds Highland does not have sufficient time to complete its own discovery and trial preparations in time for the current trial date of October 15, 2001.

XV.

Although all parties agree the time remaining before trial is insufficient to complete discovery and trial preparations, Highland has refused to consent to a continuance of the pretrial conference and trial date because such a continuance would

eliminate its grounds for a dismissal of Randall-Morgan's claims against it.

XVI.

For all of the above reasons, movers respectfully request that the pre-trial conference and trial currently scheduled be continued, and that the Court schedule a conference for the purpose of selecting a new trial date.

Respectfully submitted,

*[signature]*
_____
Pierre V. Miller II (#17712)(TA)
Andrew P. Burnside (#14116)
Patrick, Miller, Burnside, &
  Belleau, L.L.C.
400 Poydras Street, Suite 1680
New Orleans, Louisiana 70130
Telephone: (504) 527-5400
Facsimile: (504) 527-5456
Attorneys for Michael Vales,
  Mirabeau Family Learning Center,
  Inc., and MFLC Partners

*[signature]*
_____
A. Gregory Grimsal (#6332) *By PVM*
Marcy V. Massengale (#22512)
Jennifer K. Conrad (#26241)
Gordon, Arata, McCollam,
  Duplantis & Eagan, L.L.P.
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-1111
Facsimile: (504) 582-1121
Attorneys for Federal National
  Mortgage Association

5

_____
David J. Halpern (#6452)
Bruce M. Danner (#4496)
Jill A. Gautreaux (#23750)
Maryann G. Hoskins (#20869)
Zara Zeringue (#22901)
Halpern, Danner, Martin & Miles
3900 North Causeway Blvd., Ste. 605
Metairie, Louisiana 70002
Telephone:  (504) 835-6705
Facsimile:  (504) 831-2609
Attorneys for Randall-Morgan
    Construction Company, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by United States mail, postage prepaid and properly addressed, this 10th day of August, 2001.

_____
PIERRE V. MILLER II

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| | * | SECTION "J" |
| Versus | * * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | * * | |

**LIST OF AUTHORITES IN SUPPORT OF
MEMORANDUM IN OPPOSITION TO
MOTION TO DISMISS FILED ON BEHALF OF
HIGHLAND MORTGAGE COMPANY OF ALABAMA**

1. Federal Rule of Civil Procedure, Rule 12

2. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988)

3. Cinel v. Connick, 15 F.3d 1338 (5th Cir. 1994)

4. Temple v. Synthes Corp. Ltd., 498 U.S. 5, 7, 111 S.Ct. 315, 316, 112, L.Ed.2d 263 (1990).

1

Respectfully submitted,

_____
David J. Halpern, (Bar No. 6452)
Jill A. Gautreaux (Bar No. 23750)
Maryann G. Hoskins (Bar No. 20869)
Zara Zeringue (Bar No. 22901)
Halpern, Danner, Martin &Miles, L.L.C.
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705

Attorneys for Defendant, Randall-Morgan Construction, Inc.

### Certificate of Service

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record, by facsimile and by placing same in the United States mail, properly addressed and postage prepaid on August 15, 2001.

_____

2