

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

AUG 21 2001

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM** | **CIVIL ACTION NO. 00-379** |
| | **SECTION: J(1)** |
| **VERSUS** | **JUDGE BARBIER** |
| **RANDALL-MORGAN CONSTRUCTION COMPANY, INC., et al.** | **MAG. JUDGE SUSHAN** |
| | **JURY TRIAL DEMANDED** |

## OPPOSITION TO JOINT MOTION FOR EXTENSION OF DEADLINE TO CONDUCT MEDIATION AND FOR CONTINUANCE OF PRE-TRIAL CONFERENCE AND TRIAL

Counter-defendant Highland Mortgage Company of Alabama ("Highland"), through its undersigned counsel, submits this opposition to the joint motion for extension of deadline to conduct mediation and for continuance of pre-trial conference and trial of plaintiff and counterclaim defendant MFLC Partners; defendant, counterclaimant and third-party claimant Randall-Morgan Construction Company, Inc.; and third-party defendants Mirabeau Family Learning Center, Inc., Federal National Mortgage Association and Michael R. Vales (collectively the "Movers") (rec. doc. 85). Notwithstanding their prior representations and acknowledgments to the Court, and the Court's orders, the Movers now seek yet another deadline extension and trial continuance in this matter. As the following establishes, this Court should deny the Movers' motion insofar as it seeks a trial continuance. Highland has no objection to an extension of the mediation deadline for the Movers

For
Process
X Dktd
CtRmDep
Doc.No.

to mediate their internecine disputes, but will not participate in mediation while its motion to dismiss is pending.

## **BACKGROUND**

Highland was not made a party to this case until July 10, 2001, when it was served with the second amended counterclaim of Randall-Morgan Construction Company, Inc. ("Randall-Morgan") (rec. doc. 82). As established in Highland's motion to dismiss second amended counterclaim, rec. doc. 84, Highland should be dismissed from this lawsuit.[1]

On March 30, 2001, counsel for the Movers advised the Court that the parties were amenable to engaging in commercial mediation in an attempt to amicably resolve this matter. Based "upon th[at] representation, the Court agreed to continue the trial date [June 11, 2001] so that the parties would have sufficient time to effectively mediate their claims." The Court continued the trial until October 15, 2001 and directed the Movers to submit a joint discovery scheduling order (See rec. doc. 46, attached as Exhibit A).

On May 1, 2001, this Court entered the Movers' joint "Discovery Scheduling Order" (rec. doc. 50, attached as Exhibit B). That order commanded that the mediation that the parties agreed to engage in "occur not later than **August 10, 2001**." (See Exhibit B) (emphasis in original).

On June 4, 2001, new counsel of record was substituted for MFLC Partners, Mirabeau Family Learning Center, Inc., and Michael R. Vales (rec. doc. 66).

On June 22, 2001, Randall-Morgan, "**with the consent of all parties,**" filed a motion for leave to modify the scheduling order entered on April 11, 2001[2] to extend the deadline for expert

---

[1]    Highland's motion to dismiss is noticed for hearing on August 29, 2001.

[2]    Rec. doc. 47.

**2**

reports, witness and exhibit lists, and discovery. That motion recognized that "this matter is set for trial on October 15, 2001" and indicated, *inter alia,*

III.

However, the parties have agreed to a commercial mediation in an attempt to resolve this matter, which is scheduled to occur prior to August 10, 2001.

(See Randall-Morgan's motion, rec. doc. 75, attached as Exhibit C) (emphasis added).

On June 26, 2001, Randall-Morgan filed its motion for leave to file second amended counterclaim. The other Movers did not oppose that motion. In its supporting memorandum, Randall-Morgan represented to the Court that trial is set for October 15, 2001, that a "mediation is scheduled to occur before August 10, 2001," and that "permitting the filing of its Second Amended Counter Claim will not delay or retard the progress of this action." The Court granted Randall-Morgan's motion, provided that the proposed second amended counterclaim "does not necessitate a continuance of the trial" (See Randall-Morgan's motion and supporting memorandum and Court's order, all part of rec. doc. 76, attached as Exhibit D).

In sum, on March 30, 2001, the Court continued the trial until October 15, 2001 so that the Movers could attempt mediation (See Exhibit A). On May 1, 2001, the Court ordered that mediation occur no later than August 10, 2001 (See Exhibit B). On at least two occasions thereafter, the Movers represented to the Court that the mediation was scheduled to occur before August 10, 2001 and acknowledged that trial was set for October 15, 2001 (See Exhibits C and D).

Notwithstanding the Court's order and the Movers' representations and acknowledgments to the Court, the Movers now seek an extension of the deadline for conducting mediation and yet another trial continuance. Highland does not object to the Court extending the deadline for the Movers to mediate their internecine disputes (Highland will not participate in any

3

such mediation while its motion to dismiss is pending). What Highland does object to, however, is a continuance of the trial; it should not be continued (and Highland should be dismissed).

## **ARGUMENT**

The arguments advanced by the Movers cannot be squared with the sequence of events outlined above and the Movers' representations and acknowledgments to the Court. First, the Movers attempt to rely on the substitution of new counsel of record for MFLC Partners, Mirabeau Family Learning Center, Inc., and Michael R. Vales on June 4, 2001, after "the scheduling of the trial in this matter and the submission of the scheduling order setting a deadline for completing mediation" (See Movers' motion, ¶ III). The Movers' argument apparently is that new counsel would not have agreed to the mediation deadline of August 10, 2001 and the trial date of October 15, 2001.

This argument ignores that **all** of the Movers consented to Randall-Morgan's June 22 motion for leave to modify the scheduling order entered on April 11, 2001. That motion recognized that "this matter is set for trial on October 15, 2001" and also indicated that "the parties have agreed to a commercial mediation in an attempt to resolve this matter, which is scheduled to occur prior to August 10, 2001." The argument also ignores that none of the Movers opposed Randall-Morgan's June 26 motion for leave to file second amended counterclaim. The memorandum in support of that motion similarly recognized that trial is set for October 15, 2001 and that mediation is scheduled to occur before August 10, 2001.

Second, notwithstanding that the Court ordered on April 30, 2001 that mediation must occur not later than August 10, the Movers only now represent that because "of the rather full schedule of all counsel involved, the mediator, and the party representatives who will be attending the mediation, the earliest date available for conducting the mediation is August 28, 2001" (See id.,

4

¶ VII).    Highland submits that the timing of this inexplicably belated representation cannot withstand scrutiny.

Finally, Highland notes that the Court granted Randall-Morgan's motion for leave to file second amended counterclaim, but only with the proviso that a trial continuance not occur (See Exhibit D).  Clearly, the Court did not want the trial continued yet again.

The Movers have repeatedly acknowledged that trial is set for October 15, 2001 and represented that the mediation was to occur no later than August 10, 2001.  The Court has indicated its aversion to any further trial delay.  The October 15, 2001 trial date should not be continued.

**CONCLUSION**

For the foregoing reasons, this Court should deny the Movers' joint motion insofar as it seeks a continuance of the October 15, 2001 trial date.  Highland does not object to the Court extending the deadline for the Movers to mediate their internecine disputes (Highland will not participate in any such mediation while its motion to dismiss is pending).

Respectfully submitted,

**Gary J. Elkins, 5316, T.A.**
**Richard L. Traina, 22170**
**ELKINS, P.L.C.**
201 St. Charles Avenue, Suite 4400
New Orleans, Louisiana 70170
504-529-3600

Counsel for Highland Mortgage Company of Alabama

**CERTIFICATE OF SERVICE**

I certify that a copy of the above opposition has been served upon all counsel of record by hand delivery or telecopier transmission this 21st day of August, 2001.

21/11250/D/06

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR -3 PM 1:14

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
BARBIER, J.
MARCH 30, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MFLC PARTNERS                           CIVIL ACTION

VERSUS                                  NO: 00-379

RANDALL-MORGAN CONSTRUCTION CO.         SECTION: "J"(1)

In accordance with the Court's instructions issued at oral argument on March 28, 2001, counsel for both sides informed the Court, at an impromptu telephone status conference held this date, that the parties were amenable to engaging in commercial mediation in an attempt to amicably resolve this matter.  Based upon this representation, the Court agreed to continue the trial date so that the parties would have sufficient time to effectively mediate their claims.  The Court also instructed counsel to jointly submit a proposed discovery scheduling order specifically detailing the types and dates of discovery that will take place prior to the mediation.  Accordingly;

DATE OF ENTRY
APR - 3 2001

Fee
_____
Process
X /Dkt
_____

EXHIBIT

A

**IT IS ORDERED** that the jury trial in this matter is **CONTINUED** to <u>October 15, 2001, at 8:30 a.m.</u>;

**IT IS FURTHER ORDERED** that the final pre-trial conference is **RE-SET** for <u>Thursday, September 20, 2001, at 2:00 p.m.</u>;

**IT IS FURTHER ORDERED** that counsel submit a joint discovery scheduling order within **<u>fifteen (15) days</u>** of entry of this order.

\* \* \* \* \* \*

2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR 30  PM 1: 13

LORETTA G. WHYTE
CLERK

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

MFLC PARTNERS, A LOUISIANA            CIVIL ACTION
PARTNERSHIP IN COMMENDAM             NO. 00-0379

**versus**                                   SECTION "J"

RANDALL-MORGAN CONSTRUCTION          MAG. "1"
COMPANY, INC.

---

### DISCOVERY SCHEDULING ORDER

As reflected in the Court's Minute Entry of March 30, 2001, the parties hereto have agreed to engage in commercial mediation to attempt to resolve this matter in an amicable manner. Pursuant to the Court's instructions in that Minute Entry, the parties have agreed upon discovery to be taken before the mediation.

Accordingly, **IT IS ORDERED** that the following schedule will govern the parties' discovery to be conducted in advance of the mediation:

(1)  Plaintiff's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Requests for Admissions - Pursuant to Judge Shushan's Order of April 24, 2001: **Responses and objections (if any) due May 7, 2001**

(2)  Defendant's First Set of Written Discovery Requests (not yet propounded) - **Responses and objections (if any) due within 30 days of receipt by Plaintiff/Counterdefendants**

DATE OF ENTRY
MAY - 1 2001

Fee _____
Process _____
X / Dkd _____
_ CtRmDep _____
Doc.No. _____

EXHIBIT

B

(3)    Deposition of Michael Vales - **June 12, 2001**

(4)    Deposition of Ben Etheridge - **June 26, 2001**

(5)    Deposition of Leo Massey - **date to be mutually agreed upon, but not later than June 25, 2001**

**IT IS FURTHER ORDERED** that the mediation will occur not later than **August 10, 2001.**

New Orleans, Louisiana, this 30th day of April, 2001.

_____
UNITED STATES DISTRICT JUDGE



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUN 22 PH 2: 25
JUN 2 2 2001
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA | * | CIVIL ACTION NO. 00-0379 |
| PARTNERSHIP IN COMMENDAM | * | |
| | * | SECTION "J" |
| Versus | * | |
| | * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION | * | |
| COMPANY, INC. | * | |

### Ex Parte/ Consent Motion, Incorporated Memorandum And Order For Leave to Modify the Scheduling Order to Extend the Deadline for Expert Reports, Witness and Exhibit Lists, and Discovery

**Now Into Court,** through undersigned counsel, comes defendant, Randall-Morgan Construction Company, Inc., with the consent of all parties, who respectfully requests that the Scheduling Order be modified to extend the deadline for expert reports, witness and exhibit lists and discovery pursuant to *Federal Rule of Civil Procedure, Rule 16(b)*, for the following reasons:

I.

On March 30, 2001, a minute entry was entered in this matter providing a scheduling order pursuant to *Federal Rule of Civil Procedure, Rule 16*.

II.

In accordance with the Scheduling Order, this matter is set for trial on October 15, 2001 and

DATE OF ENTRY

JUN 2 7 2001

1



Fee_____
Process___
X Dktd_____
CtRmDep___
Doc.No____

EXHIBIT

C

the Final Pretrial Conference is set for September 20, 2001. Further, the following deadlines are established:

1. June 22, 2001    Deadline for plaintiff to deliver expert reports to defendant;

2. July 22, 2001    Deadline for defendant to deliver expert reports to plaintiff;

3. July 22, 2001    Deadline for witness and exhibit lists to be filed;

4. August 17, 2001 Deadline for all discovery and depositions.

III.

However, the parties have agreed to a commercial mediation in an attempt to resolve this matter, which is scheduled to occur prior to August 10, 2001.

IV.

In an effort to prepare for an effective mediation, the parties agreed to a discovery schedule, which was approved by the Court on or about April 27, 2001 setting forth discovery and three depositions to occur prior to the mediation and in preparation of the same.

V.

All parties agree that all further discovery is not necessary at this time until and only if, the mediation proves unsuccessful.

VI.

Therefore, in an effort to minimize expenses and unnecessary labor, defendant, with the consent of all parties, requests a modification of the Scheduling Order as follows:

2

1. August 15, 2001          Deadline for plaintiff to deliver expert reports to defendant;

2. September 14, 2001      Deadline for defendant to deliver expert reports to plaintiff;

3. September 14, 2001      Deadline for witness and exhibit lists to be filed;

4. September 28, 2001      Deadline for all discovery and depositions.

VI.

Counsel for counter-defendants have been notified and consent to the modifications.

VII.

There has been no previous request for a modification of the Scheduling Order.

**WHEREFORE,** it is respectfully requested that this Honorable Court grant leave for the modification of the Scheduling Order to extend the deadline for expert reports, witness and exhibit lists and discovery as set forth herein.

3

Respectfully submitted,

David J. Halpern, (Bar No. 6452)
Bruce M. Danner (Bar No. 4496)
Jill A. Gautreaux (Bar No. 23750)
Maryann G. Hoskins (Bar No. 20869)
Zara Zeringue (Bar No. 22901)

Halpern, Danner, Martin &Miles, L.L.C.
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705

Attorneys for Defendant, Randall-Morgan
Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing
pleading has been served upon counsel for all parties
by facsimile and by placing a copy of the same in the
United States Mails, to each properly addressed and
postage pre-paid on this 22nd day of
_____, 2001.

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| Versus | * * | SECTION "J" |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | * * * | MAG. 1 |

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## ORDER

Considering the foregoing *Ex Parte/ Consent Motion, Incorporated Memorandum And Order For Leave to Modify the Scheduling Order to Extend the Deadlines,*

**IT IS ORDERED BY THE COURT** that this Motion be and is hereby granted and that that the Scheduling Order of Minute Entry dated March 30, 2001 be modified as follows:

1. August 15, 2001    Deadline for plaintiff to deliver expert reports to defendant;

2. September 14, 2001    Deadline for defendant to deliver expert reports to plaintiff;

3. September 14, 2001    Deadline for witness and exhibit lists to be filed;

4. September 28, 2001    Deadline for all discovery and depositions.

**NEW ORLEANS, LOUISIANA** this _____ day of _____, 2001.

_____
U.S. DISTRICT JUDGE

5



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUN 26 PH 4:10
JUN 2 6 2001
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| | * | SECTION "J" |
| Versus | * | |
| | * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | * * | |

## Motion For Leave to File Second Amended Counter Claim

**Now Into Court,** through undersigned counsel, comes defendant, Randall-Morgan Construction Company, Inc., (Randall-Morgan) who moves the Court for an order granting leave to file its Second Amended Counter Claim, for the reasons set forth in the accompanying memorandum in support hereof.  Opposing counsels have been contacted and have no opposition to the filing of the Second Amended Counter Claim.



DATE OF ENTRY
JUN 2 9 2001

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to File Second Amended Counterclaim
Page - 1



EXHIBIT
D

Respectfully submitted,

David J. Halpern, (Bar No. 6452)
Bruce M. Danner (Bar No. 4496)
Jill A. Gautreaux (Bar No. 23750)
Maryann G. Hoskins (Bar No. 20869)
Zara Zeringue (Bar No. 22901)

Halpern, Danner, Martin &Miles, L.L.C.
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705

Attorneys for Defendant, Randall-Morgan
Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing
pleading has been served upon counsel for all parties
by facsimile and by placing a copy of the same in the
United States Mails, to each properly addressed and
postage pre-paid on this 26th day of
_____, 2001.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| Versus | * * | SECTION "J" |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | * * * | MAG. 1 |

**ORDER**

Considering the foregoing *Motion for Leave to File Second Amended Counter Claim*

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that said motion is granted

and that said Second Amended Counter Claim be filed into the record of the captioned proceeding, provided it does not necessitate a continuance of the trial.

**NEW ORLEANS, LOUISIANA** this _28_ day of _June_ ,2001.

_____

U.S. DISTRICT JUDGE

MFLC Partners vs. Randall-Morgan
USDC No. 00-0379 Sect. J, Mag. 1
Motion for Leave to File Second Amended Counterclaim
Page - 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM | * * * | CIVIL ACTION NO. 00-0379 |
| | | SECTION "J" |
| Versus | * * | |
| | * | MAG. 1 |
| RANDALL-MORGAN CONSTRUCTION COMPANY, INC. | * * | |

## RANDALL-MORGAN'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTER CLAIM

NOW INTO COURT, through undersigned counsel, comes defendant, Randall-Morgan Construction Company, Inc. (Randall-Morgan), and pursuant to Rule 15 of the Federal Rules of Civil Procedure and local Rule 7.3 moves the court for an order granting Randall-Morgan leave to file an amended complaint, a copy of which is attached hereto.

In support of this motion, Randall-Morgan respectfully represents that MFLC Partners, a partnership in Commendam, (MFLC) filed a petition against defendant, Randall-Morgan, in Civil District Court for the Parish of Orleans on September 3, 1999, No. 99-14082, Division B seeking damages for the alleged wrongful filing of a mechanic's lien. On January 25, 2000, Randall-Morgan filed a reconventional demand seeking monies due for work performed on the Project

1

adding, among others, Mirabeau Family Learning Center, Inc. (Mirabeau), Michael Vales
(Vales), and the Federal National Mortgage Association (Fannie Mae), as counter defendants.
On February 7, 2000, Fannie Mae removed this action to this court.

MFLC Partners has twice amended its complaint against Randall-Morgan seeking
damages for the alleged delay of completion of the Project and alleged defective workmanship.

In conjunction with the construction contract, MFLC, Randall-Morgan and Highland
Mortgage Company of Alabama Inc. (Highland) executed an agreement on an FHA form,
establishing a Letter of Credit in the approximate amount of $252,000.00. The agreement sets
forth the limited circumstances and order by which Highland may disburse the funds.

Randall-Morgan voluntarily left the Project in February of 1999 at the request of MFLC
and/or Michael Vales and upon an agreement among all Parties that Randall-Morgan would be
paid all monies presently due to it for performance of work under the Contract.

The project was completed in the fall of 1999. Yet, MFLC, Highland, Mirabeau, Vales,
and Fannie Mae failed to close on the property and have yet to close on the property to secure a
permanent mortgage lender thereby incurring excessive loan extension fees in the approximate
amount of $116,342.48.

In a letter of March 21, 2001, MFLC requested that Highland obtain approval of HUD to
draw down the Letter of Credit to cover items of *alleged* damage *allegedly* caused by Randall-
Morgan's failure to complete the project in a timely manner. In addition, MFLC alleged that is
was due $38,752.00 for the costs of repairing items of defective workmanship on the Project.

2

By letter of April 30, 2001, HUD authorized Highland to draw down $155,094.48 from the Letter of Credit. Highland has indeed drawn down such amount. MFLC is expected to receive a portion of these funds, namely $38,752.00.

The release of these funds was not authorized nor properly disbursed. MFLC and/or Highland are in violation of the contract and/or agreement. Further, Highland as custodian of this trust account has breached its fiduciary duties.

Randall-Morgan has incurred damages as a result of MFLC and Highland's actions for which it is entitled to recover the monies drawn from the Letter of Credit, namely $155,094.48, and for any other monies that may be improperly drawn between now and the time of trial.

Randall-Morgan has now a cause of action against these counter defendants. Randall-Morgan wishes to add these claims to its counter claim as well as Highland as a counter-defendant.

This case has been placed on the trial calendar and is set for trial October 15, 2001. A mediation is scheduled to occur before August 10, 2001. By all counsels' admission, should the mediation not prove successful, the trial may very likely have to be continued due to the necessity of more discovery and depositions.

Opposing counsels have been contacted and have no objection to the filing of this amended counter claim. Randall-Morgan further represents that permitting the filing of its Second Amended Counter Claim will not delay or retard the progress of this action.

Accordingly, Randall-Morgan respectfully requests that this court enter an order granting leave to file the attached Second Amended Counter Claim.

3

Respectfully submitted,

David J. Halpern, (Bar No. 6452)
Bruce M. Danner (Bar No. 4496)
Jill A. Gautreaux (Bar No. 23750)
Maryann G. Hoskins (Bar No. 20869)
Zara Zeringue (Bar No. 22901)

Halpern, Danner, Martin &Miles, L.L.C.
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705

Attorneys     for     Defendant,     Randall-Morgan
Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and
foregoing pleading has been served upon counsel
for all parties by facsimile and by placing a copy of
the same in the United States Mails, to each
properly addressed and postage pre-paid on this
26th day of June , 2001.

4