FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 SEP -5 PM 3: 16

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MFLC PARTNERS, A LOUISIANA PARTNERSHIP IN COMMENDAM** | **CIVIL ACTION**<br>**NO. 00-0379** |
| **VERSUS** | **SECTION "J"** |
| **RANDALL-MORGAN CONSTRUCTION COMPANY, INC.** | **MAG. "1"** |

### MOVERS' REPLY MEMORANDUM IN SUPPORT
### OF JOINT MOTION FOR EXTENSION OF TIME AND FOR CONTINUANCE

Plaintiff and counterclaim defendant, MFLC Partners ("MFLC"); defendant, counterclaimant and third party claimant, Randall-Morgan Construction Company, Inc. ("Randall-Morgan"); and third party defendants, Mirabeau Family Learning Center, Inc ("Mirabeau"), Federal National Mortgage Association ("Fannie Mae"), and Michael R. Vales ("Vales"), submit this reply memorandum in support of their joint motion for an extension of the deadline for conducting mediation and for a continuance of the pretrial conference and

GAMD-NO 122001-1



trial currently scheduled for September 20, 2001 and October 15, 2001, respectively. This memorandum will address points raised by third party defendant Highland Mortgage Company of Alabama ("Highland") in its opposition to movers' motion.

Movers wish first to correct erroneous inferences sought to be drawn from the record by Highland. Movers note that the addition of Pierre Miller, new counsel for MFLC, Mirabeau and Vales, was one of several factors that made preparing for mediation on August 10, 2001 more difficult. It is a measure of the diligence of Mr. Miller and of all counsel that under the circumstances the parties did not seek a continuance immediately upon the enrollment of new counsel, but instead sought to meet the previously imposed scheduling deadline to keep this matter on course. It is further testament to all counsel for the movers that despite the unforeseen problems they have encountered, they are prepared to mediate on August 28, 2001.

Contrary to Highland's argument, Movers are not "inexplicably belated" in disclosing the difficulty of coordinating the schedules of counsel, of the parties themselves, and of the mediator. When the court entered its April 30, 2001 order, the parties (and least of all Mr. Miller) had not begun to identify and interview potential mediators or to conduct discovery. The fact is that the parties tried diligently to meet the original August 10

mediation date but were unsuccessful in doing so. Furthermore, Movers have not waited until the eve of trial to seek a continuance, but have instead requested one as soon as it became apparent the current scheduling could not be met.

Further, it is entirely appropriate for the court to consider "the demands on counsel's time" in ruling on a motion to continue. See <u>HC Gun & Knife Shows, Inc. v. City of Houston</u>, 201 F.3d 544, 550 (5th Cir. 2000) <u>quoting</u> <u>Fontenot v. Upjohn Co.</u>, 780 F.2d 1190, 1193 (5th Cir. 1986).

Moreover, Highland has adduced no prejudice that it will suffer as a result of a continuance, apart, perhaps, from not being dismissed from the case. Highland, with a motion to dismiss pending, understandably wishes to relieve itself from the prejudice of preparing for trial in so brief a time; but urges the court to subject others to the same prejudice.

Thus, Highland has not grappled with Movers' central argument: that owing to their streamlined pre-mediation discovery, Movers will likewise experience prejudice in attempting to prepare this case for trial on October 15, 2001, should mediation prove unsuccessful.

Continuing the trial date will prejudice nobody; everybody, including Highland by its own admission, would be prejudiced by having to prepare for an October 15, 2001 trial

should mediation prove unsuccessful. Movers respectfully request that their joint motion be granted.

Respectfully submitted,

*Pierre V. Miller II* by ALL
_____
Pierre V. Miller II (#17712) (TA)
Andrew P. Burnside (#14116)
Patrick, Miller, Burnside, &
   Belleau, L.L.C.
400 Poydras Street, Suite 1680
New Orleans, Louisiana 70130
Telephone: (504) 527-5400
Facsimile: (504) 527-545

**Attorneys for Mirabeau Family Learning Center, Inc., Michael R. Vales and MFLC Partners, A Louisiana Partnership in Commendam**


A. Gregory Grimsal (#6332)
Marcy V. Massengale (#22512)
Jennifer K. Conrad (#26241)
GORDON, ARATA, McCOLLAM
 & DUPLANTIS, L.L.P.
201 St. Charles Avenue
Suite 4000
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111

By: _____
   A. GREGORY GRIMSAL (#6332)

**Attorneys for Federal National Mortgage Association**

*Zara Zeringue*
David J. Halpern, (#6452) *by /s/*
Bruce M. Danner (#4496)
Jill A. Gautreaux (#23750)
Maryann G. Hoskins (#20869)
Zara Zeringue (#22901)
Halpern, Danner, Martin & Miles, LLC
3900 North Causeway Boulevard
One Lakeway Center, Suite 605
Metairie, Louisiana 70002
Telephone: (504) 835-6705
**Attorneys for Defendant, Randall-Morgan Construction, Inc.**

C E R T I F I C A T E

I hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record by telefax and by placing signed copies thereof in the United States mail, postage prepaid, on this 24th day of August, 2001.

_____
A. Gregory Grimsal